Filed 5/28/21  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090936 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE009271) |
| v. | |
| MICHELLE RAYLENE WILLIAMS, | |
| Defendant and Appellant. | |

After a jury found defendant, Michelle Raylene Williams, guilty of robbery and misdemeanor theft, the trial court placed her on probation for five years subject to certain terms and conditions.  Defendant appeals, contending that a condition of her probation prohibiting contact with the victim (the "no-contact condition") is unconstitutionally vague and overbroad because it does not specify that it prohibits only knowing and purposeful contact.  For reasons we explain below, we find this contention to be without merit.  However, our review of the record has disclosed an error by the trial court in staying a $40 court operations assessment (Pen Code, § 1465.8. subd. (a)(1))[1] and a $30

---

[1] Undesignated references are to the Penal Code.

1

court facilities assessment (Gov. Code, § 70373) pursuant to section 654. (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 370 [holding that the court security fee must be imposed on the count stayed pursuant to section 654]; *People v. Sencion* (2012) 211 Cal.App.4th 480, 482 [holding "the trial court was required to impose a court facilities assessment . . . as to each count including those stayed under section 654, subdivision (a)"].) We will modify the judgment to correct this error and affirm the judgment as modified.

BACKGROUND

In pertinent part, the People's amended information charged defendant and two codefendants with robbery (§ 211) and misdemeanor theft (§ 484, subd. (a)). Evidence presented at trial established that defendant placed merchandise from the Fallas Discount Store in her purse and attempted to leave the store without paying. Her actions were observed by the loss prevention officer who, along with security, contacted defendant and her codefendants just outside the store's inner door. Defendant used her body weight to push one of those employees, Michael F., through the store's outer door. Defendant kept pushing until she reached her car and attempted to open the car door. Michael F. blocked entry to the car with his arm and, in response, defendant grabbed that arm and tried to bite him. Michael F. withdrew his arm and took defendant to the ground where he handcuffed her. Michael F. sustained a superficial injury to his left knee in the process. Fallas property was recovered from defendant's purse after she was detained.

Defendant testified, admitting she moved a shirt from her cart to her purse, but denied that she was trying to steal anything. She also denied attempting to bite Michael F. and that any store merchandise was recovered from her purse. Rather, defendant asserted she placed the shirt in her purse to shop and look at clothes on racks outside the store because she was not allowed to take the cart outside. Once confronted by Michael F., she threw the shirt on the ground and did not know her companions were shoplifting.

2

The jury convicted defendant on both counts, and she was placed on five years' probation with certain terms and conditions, including that she serve 120 days in county jail. Defendant was also ordered to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 stayed probation revocation restitution fine (§ 1202.44), two $40 court operations assessments (§ 1465.8. subd. (a)(1)), and two $30 court facilities assessments (Gov. Code, § 70373). Following defendant's request, the court stayed one set of the court operations and court facilities assessments pursuant to section 654. The remaining recommended fines and fees were stricken. Defendant timely appealed.

## DISCUSSION

### I

### *The No-Contact Condition*

Defendant attacks the probation condition ordering that she "have no contact whatsoever with the victims (Michael F. and Fallas Discount Store) without the prior approval of the probation officer." She argues this no-contact condition is unconstitutionally vague and overbroad because it does not contain an express knowledge requirement. Defendant acknowledges she did not object to this condition in the trial court, but maintains her argument is cognizable on appeal because it presents a purely facial constitutional challenge. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887-889.) We agree defendant has not forfeited her challenge, but conclude it lacks merit.

Trial courts have broad discretion to prescribe probation conditions to foster rehabilitation and protect public safety. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1126.) Such conditions, however, must not be unconstitutionally vague or overly broad. (*Id.* at pp. 1126-1127.) A probation condition must be "sufficiently definite" for a probationer to know what conduct is required or prohibited and to allow the court to determine whether the condition has been violated. (*People v. Hall* (2017) 2 Cal.5th 494, 500 (*Hall*).) Thus, a court may not revoke a defendant's probation absent a finding that he or she willfully and knowingly violated the terms and conditions of his or her

3

probation.  (*Id*. at pp. 498-499; *People v. Patel* (2011) 196 Cal.App.4th 956, 960-961.) We review defendant's challenge to the constitutionality of the no-contact order de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

In the past, California courts insisted that probation requirements contain express knowledge provisions.  (See, e.g., *In re Kevin F*. (2015) 239 Cal.App.4th 351, 361-366, disapproved on this point in *Hall, supra*, 2 Cal.5th at p. 503, fn. 2.)  However, in *Hall*, the California Supreme Court disapproved of cases holding that an express knowledge requirement was necessary to prevent unwitting violations of possessory probation conditions.  (*Hall*, at p. 503, fn. 2.)  *Hall* also disapproved of cases holding that possessory probation conditions must include an express knowledge requirement where the prohibited item was not criminalized by statute but was merely related to criminality. (*Id*. at pp. 503-504, fn. 2.)  "California case law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature.  [Citation.]"  (*Id*. at p. 501.) Thus, the *Hall* court "decline[d the] defendant's invitation to modify those conditions simply to make explicit what the law already ma[de] implicit."  (*Id*. at p. 503.)  The Supreme Court added that while trial courts are free to explicitly "specify the requisite mens rea" when imposing such a probation condition, inclusion of the express knowledge requirement was not constitutionally compelled.  (*Id*. at pp. 503-504.)

The same rationale applies here.  An express knowledge requirement is not necessary for the no-contact condition to pass constitutional muster.  Defendant has not established that the condition as drafted is vague or overly broad without an express scienter requirement.  The protected person is named, and defendant knows to have no contact with him.  (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594, disapproved in part in *Hall, supra*, 2 Cal.5th at pp. 503-504, fn. 2.)  This distinguishes the cases relied upon by defendant, which struck down conditions forbidding association with general

classes of people without a requirement that the defendant know a person belonged to the prohibited class.  (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [forbidding association with gang members]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103 [forbidding association with felons, ex-felons, as well as narcotics users and sellers].)

In urging us to modify the condition, defendant disagrees that *Hall* is on point because that case involved the possession of contraband, while in this case defendant was ordered to have no contact with Michael F.  We disagree.

Following the issuance of the Supreme Court's decision in *Hall*, the court dismissed review of *In re A.S.* (June 24, 2014, H039825) [review dism. and opn. ordered nonpub. Mar. 22, 2017], which had presented the issue of whether no-contact probation conditions must be modified to explicitly include a scienter requirement.  (Review granted Sept. 24, 2014, S220280 [2014 Cal. LEXIS 7859], review dism. Mar. 22, 2017, S220280 [2017 Cal. LEXIS 2243].)  We infer from this dismissal that the Supreme Court intended that courts construe no-contact probation conditions in the same manner as conditions prohibiting the possession of contraband.  Applying this approach, we conclude the no-contact order is constitutional and thus no modification is necessary. (*Hall, supra*, 2 Cal.5th at p. 503 [declining to modify condition to make express what the law implicitly provided for]; see also *People v. Patel, supra*, 196 Cal.App.4th at p. 960 ["We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly"].)

II

*The Assessments*

Our review of the record has disclosed that the trial court stayed one set of court operations (§ 1465.8. subd. (a)(1)) and court facilities (Gov. Code, § 70373) assessments pursuant to section 654.  These fees do not constitute punishment and thus should not have been stayed pursuant to section 654.  (See *People v. Crittle, supra*, 154 Cal.App.4th

5

at p. 370 [holding that the court security fee must be imposed on the count stayed pursuant to section 654]; *People v. Sencion, supra*, 211 Cal.App.4th at p. 482 [holding "the trial court was required to impose a court facilities assessment . . . as to each count including those stayed under section 654, subdivision (a)"].) We will modify the judgment to correct this error and will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to reverse the stay of the court operations (§ 1465.8. subd. (a)(1)) and court facilities (Gov. Code, § 70373) assessments stayed by the trial court under section 654. The judgment as modified reflects two $40 court operations assessments (§ 1465.8. subd. (a)(1)) and two $30 court facilities assessments (Gov. Code, § 70373). The judgment is affirmed as modified. The trial court is directed to prepare an amended minute order and order of probation.


      KRAUSE      , J.


We concur:


      BLEASE      , Acting P. J.


      ROBIE      , J.