Filed 2/9/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S227193 |
| v. | ) | |
| | ) | Ct.App. 1/1 A141278 |
| LAQUINCY HALL, | ) | |
| | ) | Contra Costa County |
| Defendant and Appellant. | ) | Super. Ct. No. 51315225 |
| _____ | ) | |

The terms of defendant's probation bar him from possessing firearms or illegal drugs. He contends that these conditions on his release are unconstitutionally vague on their face, because they do not explicitly define the state of mind, or mens rea, required to sustain a violation of probation. He requests modification of the conditions to convey explicitly that they apply only to *knowing* possession of the prohibited items. What we conclude is that the probation conditions already include an implicit requirement of knowing possession, and thus afford defendant fair notice of the conduct required of him. We therefore affirm the Court of Appeal.

## I. BACKGROUND

Defendant LaQuincy Hall was convicted of possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and placed on three years' probation. As modified by the Court of Appeal to conform to the oral pronouncement of sentence (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), the conditions of

1

probation provided that defendant "may not own, possess or have in [his] custody or control any handgun, rifle, shotgun or any firearm whatsoever or any weapon that can be concealed on [his] person," and that he "shall not use or possess or have in [his] custody or control any illegal drugs, narcotics, [or] narcotics paraphernalia without a prescription." Defendant offered no objection to either condition.

Defendant challenged these conditions as unconstitutionally vague for the first time on appeal. The Court of Appeal deemed this facial challenge cognizable as a question of law (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*)), but rejected it on the merits. The appellate court considered whether the vagueness doctrine requires a probation condition to explicitly spell out the mens rea necessary to sustain a violation of the condition. It concluded that the firearms and narcotics conditions did not need to be modified to bar "knowing" possession "because the mens rea generally applicable to probation conditions precludes the finding of unwitting violations."

Other Courts of Appeal have taken a different view. (Compare *People v. Moore* (2012) 211 Cal.App.4th 1179, 1189 [concluding that modification of a weapons condition to add an express knowledge requirement was "unnecessary"] with *People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [finding it "appropriate" to modify the condition so as to bar defendant from "*knowingly*" possessing the prohibited items].) We granted review to resolve the conflict.

## II. DISCUSSION

Penal Code section 1203.1 et seq. gives trial courts broad discretion to determine whether to grant an eligible defendant probation, and if so, what terms of probation will promote rehabilitation and protect public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) A probation condition is valid under the statutory scheme if it relates to the crime for which the defendant was convicted,

2

relates to other criminal conduct, or requires or forbids conduct that is reasonably related to future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486.) Revocation of probation typically requires proof that the probation violation was willful. (*People v. Leiva* (2013) 56 Cal.4th 498, 517; *People v. Hartley* (2016) 248 Cal.App.4th 620, 634 [deeming this an "established principle"]; *People v. Rodriguez* (2014) 222 Cal.App.4th 578, 594 ["well established"]; *People v. Moore*, *supra*, 211 Cal.App.4th at p. 1186 ["settled"]; *People v. Patel* (2011) 196 Cal.App.4th 956, 960 ["a substantial uncontradicted body of case law"]; *People v. Zaring* (1992) 8 Cal.App.4th 362, 378-379.) [1]

In the context of conditions barring the possession, custody, or control of firearms, illegal drugs, and related items, revocation requires knowledge. The unwitting possession of contraband does not sufficiently establish backsliding by the probationer, nor does it sufficiently threaten public safety, to merit revocation without regard to the probationer's state of mind. On the other hand, revocation can be justified where the probationer knows of the contraband's presence and its

---

[1]     We need not decide whether sustaining a probation violation requires a showing of willfulness where the probation violation poses a direct threat to public safety or otherwise frustrates the assumptions underlying the grant of probation, because this case does not appear to present such circumstances. (See *United States v. Pinjuv* (9th Cir. 2000) 218 F.3d 1125, 1131 ["even conditions of release which are beyond a convicted person's control may be necessary to facilitate the rehabilitation process or to ensure the safety of society"]; *People v. Colabello* (Colo.Ct.App. 1997) 948 P.2d 77, 79-80 [upholding probation revocation where defendant was discharged from in-patient sex offender program against his will]; *State ex rel. Nixon v. Campbell* (Mo. 1995) 906 S.W.2d 369, 370-372 [same, where defendant's inability to complete a sex offender treatment program was caused by the hospital's cancellation of the program]; *State v. Kochvi* (N.H. 1996) 671 A.2d 115, 117-118 [same, where defendant was refused admission to the sex offender treatment program for reasons beyond his control]; see generally Miller, et al., *Can Probation Be Revoked When Probationers Do Not Willfully Violate the Terms or Conditions of Probation?* (June 1999) 63 Fed. Probation 23.)

3

restricted character because of what possession in such circumstances is understood to convey about an individual's plans or potential for further criminal activity, the probability of success of such activity if attempted, and the risks associated with such activity.  Requiring such knowledge before sustaining a violation of one of the probation conditions at issue here would be consistent with the state of mind implicitly required for conviction by statutes criminalizing possession of illegal drugs (*People v. Martin* (2001) 25 Cal.4th 1180, 1184 [unlawful possession of a controlled substance implicitly requires " 'knowledge of its presence and of its restricted dangerous drug character' "]) or dangerous weapons (*People v. King* (2006) 38 Cal.4th 617, 623-626).  The analogy is not perfect; a trial court may properly bar a probationer from possessing items that are not themselves illicit but that are related to past or future criminality.  But the statutes are otherwise sufficiently similar to probation conditions addressing possession, and reflect the importance of a defendant's knowledge as a relevant criterion in the analysis.

Accordingly, a probationer who has possession, custody, or control of contraband willfully violates probation where the probationer has knowledge of the contraband's presence and its restricted nature, regardless of whether the item is criminal in itself, or merely related to criminality.  And the Courts of Appeal have consistently so held.  (E.g., *In re Ana C.* (2016) 2 Cal.App.5th 333, 344-349 [conditions barring possession of alcohol, drugs and drug paraphernalia, or tobacco]; *People v. Rodriguez*, *supra*, 222 Cal.App.4th at pp. 590-593 [conditions barring (1) possession of any firearm, dangerous weapon, or ammunition, and (2) use or possession of controlled substances, alcohol, or other intoxicants]; *People v. Moore*, *supra*, 211 Cal.App.4th at pp. 1186-1187 [condition barring use or possession of firearms, knives, and other concealable weapons]; *People v. Freitas*,

4

*supra*, 179 Cal.App.4th at pp. 750-751 [conditions barring possession of guns, ammunition, and stolen property].)

The parties appear to be in agreement up to this point. Both sides recognize that defendant may not be deemed in violation of the firearms or narcotics conditions of probation if his possession or control of the prohibited items was unwitting. In other words, a probation violation can occur only if defendant *knowingly* owned or possessed these items or had them in his custody or control. Consequently, the issue presented here is not what state of mind is required to sustain a violation of probation, but the extent to which that state of mind must be expressly articulated in the probation condition itself to provide defendant with fair warning of what the condition requires. In defendant's view, the conditions at issue in this case are unconstitutionally vague and must be modified to state explicitly that knowing possession is required. The People respond that these conditions implicitly include a knowledge requirement already, rendering them sufficiently precise to afford defendant fair notice of what is prohibited.

Our analysis begins with the void-for-vagueness doctrine. This doctrine, which derives from the due process concept of fair warning, bars the government from enforcing a provision that "forbids or requires the doing of an act in terms so vague" that people of "common intelligence must necessarily guess at its meaning and differ as to its application." (*Connally v. General Const. Co.* (1926) 269 U.S. 385, 391; accord, *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition. (*Connally*, at p. 391; *Sheena K.*, at p. 890.) In determining whether the condition is sufficiently definite, however, a court is not limited to the condition's text. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630-632.) We

5

must also consider other sources of applicable law (*In re Ana C.*, *supra*, 2 Cal.App.5th at p. 344), including judicial construction of similar provisions. (*United States v. Lanier* (1997) 520 U.S. 259, 266; *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117 (*Acuna*) [provision is not void for vagueness " 'if its terms may be made reasonably certain by reference to other definable sources' "].) Thus, a probation condition should not be invalidated as unconstitutionally vague " ' "if any reasonable and practical construction can be given to its language." ' " (*Williams v. Garcetti* (1993) 5 Cal.4th 561, 567.)

Given this legal backdrop, we conclude that the firearms and narcotics conditions are not unconstitutionally vague. California case law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature. (See generally *In re Trombley* (1948) 31 Cal.2d 801, 807 ["The word 'willfully' . . . implies that the person knows what he is doing"].) The requisite scienter for these probation conditions is thus easily ascertainable by reference to " 'other definable sources' " that make sufficiently clear the conditions' scope. (*Acuna*, *supra*, 14 Cal.4th at p. 1117.)

When a criminal statute similarly fails to expressly articulate the requisite scienter, we routinely rely on an analogous presumption. On occasion, and particularly for public welfare offenses, a statute will omit any reference to scienter, because no scienter is required. (*Stark v. Superior Court* (2011) 52 Cal.4th 368, 393.) More commonly, though, courts construe criminal statutes against the backdrop of the common law presumption that scienter is required and imply the requisite mental state, even where the statute is silent. (*Staples v. United States* (1994) 511 U.S. 600, 605-606; accord, *In re Jorge M.* (2000) 23 Cal.4th 866, 872 (*Jorge M.*).) For example, we have construed statutes prohibiting

6

possession of controlled substances to require knowledge of the presence and illegal character of the drug, even though the statutes themselves fail to include a reference to any mental state. (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242; cf. *People v. King*, *supra*, 38 Cal.4th at pp. 622-623 [same for statute prohibiting possession of weapons].) The mere fact that a statute must be interpreted to determine the applicable mental state does not render a criminal statute — or a probation condition — unconstitutionally vague. (*Jorge M.*, at p. 886; *People v. Estrada* (1995) 11 Cal.4th 568, 581; see generally *Walker v. Superior Court* (1988) 47 Cal.3d 112, 143 ["We thus require citizens to apprise themselves not only of statutory language but also of legislative history, subsequent judicial construction, and underlying legislative purposes"].) So long as the requisite scienter is readily discernible, its omission from the text of the statute or probation condition poses little risk of "trap[ping] the innocent." (*Grayned v. City of Rockford* (1972) 408 U.S. 104, 108; see *Colautti v. Franklin* (1979) 439 U.S. 379, 395.)

Defendant contends that the analogy between statutes and probation conditions is inapt. He points out that unlike statutes, probation conditions are "individualized," with wording that varies case by case. Defendant is correct: probation conditions encompass great diversity, in scope as well as phrasing. Where he is mistaken is in assuming that the requisite state of mind cannot lawfully be inferred from such conditions. Just as most criminal statutes — in all their variety — are generally presumed to include some form of mens rea despite their failure to articulate it expressly, so too are probation conditions generally presumed to require some form of willfulness, unless excluded " ' "expressly or by necessary implication." ' " (*Jorge M.*, *supra*, 23 Cal.4th at p. 872.)

No one contends that the conditions challenged here expressly reflected an intention to remove the element of scienter, or that they implied the absence of any

7

state of mind requirement to sustain a probation violation. To the contrary: case law has already made clear that knowledge of the contraband's presence and of its restricted nature is implicit in probation conditions restricting firearms and narcotics, regardless of any minor variations in the wording of those conditions. (*People v. Rodriguez*, *supra*, 222 Cal.App.4th at pp. 589-593; *People v. Moore*, *supra*, 211 Cal.App.4th at p. 1186.)

Consider, for example, one of the most common probation conditions — the implicit condition to obey all laws. (See *People v. Arreola* (1994) 7 Cal.4th 1144, 1149; *People v. Leal* (2012) 210 Cal.App.4th 829, 838.) This condition appears to contemplate that the probationer might need to look beyond the four corners of the probation order to ascertain what conduct is permitted, what is prohibited, and what state of mind must be shown to sustain a violation. The mere fact that defendant is charged with knowledge of all the law that could apply to his situation does not render the condition unconstitutionally vague.

Defendant argues that *Sheena K.* nonetheless compels modification of the probation conditions challenged here. Not so. In *Sheena K.*, we approved the Court of Appeal's reliance on the vagueness doctrine to order modification of a probation condition barring the probationer from associating with " 'anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Unlike in this case, though, the probationer in *Sheena K.* did not object that the condition was vague in failing to articulate the requisite scienter. (*People v. Hartley*, *supra*, 248 Cal.App.4th at pp. 633-634 [distinguishing *Sheena K.*]; *People v. Moore*, *supra*, 211 Cal.App.4th at p. 1189 [same].) Rather, she claimed that the category of prohibited persons was vague, in that the condition failed to specify *which persons* the probation officer had disapproved of. (*Sheena K.*, at pp. 890-891.) Because the condition "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be

8

disapproved of by her probation officer" (*id.* at pp. 891-892), we agreed that the condition should have been modified to direct the probationer "not to associate with anyone 'known to be disapproved of' by a probation officer." (*Id.* at p. 892.) It is telling that this court declined to modify the condition at issue in *Sheena K.* by inserting a requirement that the probationer avoid *knowingly* associating with the specified group of persons — which is the kind of modification defendant seeks here.

Indeed, defendant's brief eventually concedes that "a potential solution" to the vagueness problem would be to "construe" the firearms and narcotics conditions as requiring knowledge of the contraband's presence and its restricted nature, as a number of courts have already done. Yet he continues to insist that modifying the conditions is a superior alternative. At core, what defendant seeks through modification is "absolute clarity" in the text of the condition itself, without the need to rely on "a judicial construction." But the question before us is not whether this degree of precision would be desirable in principle, but whether it is constitutionally compelled. As we have previously observed, the vagueness doctrine demands " 'no more than a reasonable degree of certainty.' " (*Acuna*, *supra*, 14 Cal.4th at p. 1117.)

That degree of certainty is present in the conditions at issue here. Given the relevant case law, the firearms condition is properly construed as prohibiting defendant from *knowingly* owning, possessing, or having in his custody or control any handgun, rifle, shotgun, firearm, or any weapon that can be concealed on his person. So too with the narcotics condition, which is best read as proscribing defendant from *knowingly* using, possessing, or having in his custody or control any illegal drugs, narcotics, or narcotics paraphernalia, without a prescription. (Cf. *Posters 'N' Things v. United States* (1994) 511 U.S. 513, 526 [inferring a scienter requirement "assists in avoiding any vagueness problem" in a statute

9

criminalizing possession of drug paraphernalia].) Because no change to the substance of either condition would be wrought by adding the word "knowingly," we decline defendant's invitation to modify those conditions simply to make explicit what the law already makes implicit.[2] A trial court, however, remains free to specify the requisite mens rea explicitly when imposing a condition of probation.

---

[2] To the extent they concluded that an express knowledge requirement was necessary to prevent unwitting violations of possessory probation conditions, we disapprove *In re Kevin F.* (2015) 239 Cal.App.4th 351, 361-366, and *People v. Freitas*, *supra,* 179 Cal.App.4th 747, 751-752. To the extent they found that possessory probation conditions must include an express knowledge requirement where the prohibited item was not criminalized by statute but was merely related to criminality, we disapprove *In re Ana C.*, *supra*, 2 Cal.App.5th 333, 347-350, and *People v. Rodriguez*, *supra*, 222 Cal.App.4th 578, 594.

## III.  DISPOSITION

The judgment of the Court of Appeal is affirmed.

**CUÉLLAR, J.**


**WE CONCUR:**
**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**

11

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Hall

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 236 Cal.App.4th 1124
**Rehearing Granted**

_____

**Opinion No.** S227193
**Date Filed:** February 9, 2017

_____

**Court:** Superior
**County:** Contra Costa
**Judge:** Leslie G. Landau

_____

**Counsel:**

Patrick McKenna, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Laurence K. Sullivan, René A. Chacón, Nanette Winaker and Julia Y. Je, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Patrick McKenna
P.O. Box 1130
Santa Clara, CA  95052
(408) 482-5309

Julia Y. Je
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5567