Filed 9/1/20  In re A.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073420 |
| v. | (Super.Ct.No. RIJ1800722) |
| A.A., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge.  Affirmed as modified.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant A.A. (minor) appeals from orders of the juvenile court imposing a restitution fine and probation term.

## BACKGROUND

A petition pursuant to section 602 of the Welfare and Institutions Code[1] was filed after minor, then a 14 year old who had been expelled from school, trespassed onto the school's premises and punched another minor in the face.

At the August 2019 hearing on jurisdiction and disposition of the petition, minor admitted to two misdemeanors:  fighting and trespass in violation of Penal Code sections 415.5, subdivision (a), and 602, subdivision (k), respectively.  The juvenile court sustained the petition and adjudged minor a ward of the court.

Included in the disposition order were a restitution fine of $100 (incorrectly noted by the parties to be $200) and the following probation condition (hereinafter referred to as "the challenged condition"):  "Not knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, illegal drugs, including marijuana, nor possess related paraphernalia, without a medical recommendation and, even then, only after approved by the court."  Minor appealed.

## DISCUSSION

Minor raises three issues on appeal.  She claims:  (1) the reference in the challenged condition to "intoxicating substances" is unconstitutionally vague; (2) the

___

[1]  All statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

condition's requirement for court review of a "medical recommendation" is unconstitutionally overbroad; and (3) the court's imposition of the maximum allowable restitution fine was an abuse of discretion and violated her constitutional rights as articulated in *People v. Dueñas* (2019) 30 Cal.App.5th 1157. We will affirm with directions to modify the language of the challenged condition and to reduce the amount of the restitution fine.

1.     The challenged condition

If a minor is adjudged a ward of the court, subdivision (b) of section 730 authorizes the juvenile court to place the ward on probation. It may make any and all reasonable orders for the conduct of the ward and may impose any and all reasonable conditions that it determines to be fitting and proper to the end of achieving justice and enhancing the reformation and rehabilitation of the ward. (§ 730, subd. (b).) The juvenile courts have greater discretion than trial courts in adult probation cases such that a probation condition may be permissible for a minor even if it might be unconstitutional or improper for an adult. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889-890 (*Sheena K.*).) Even so, the juvenile court may not impose a requirement that is unconstitutionally vague or overbroad. (*Id.* at pp. 890-891.)

(a) *The challenged condition's requirement of court approval of a medical recommendation*

Minor argues the challenged condition's requirement that the court approve a medical recommendation is unconstitutionally overbroad because it requires her to

3

obtain judicial approval of medications prescribed by her doctor, a requirement that would necessitate review of her medical records in violation of her constitutional right to privacy. She notes that the requirement could also present practical difficulties, such as an emergent need for administration of a narcotic for which there would be no time to obtain court preapproval. The People urge the invasion of minor's privacy is justified because the state has a compelling interest in ensuring she does not engage in any type of substance abuse. Although we do not read the requirement as expansively as the minor posits, we agree that it is subject to interpretation in an overbroad fashion and will, therefore, order its modification.

A probation condition is overbroad if it imposes limitations on a person's constitutional rights that are not closely and reasonably related to the state's compelling interest in reformation and rehabilitation. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

We view the requirement of court approval of a "medical recommendation" as relating only to the possession and use of marijuana and related paraphernalia. None of the other substances listed in the challenged condition would require a medical "recommendation." (Health & Saf. Code, §§ 11357, subd. (a)(1), 11362.5, subd. (d).) To the extent any of the other items listed would be a subject of physician involvement, such as narcotic medication or other controlled substance, a written prescription—not simply a recommendation—is required except when dispensed

4

directly to the patient by a medical professional.  (Health & Saf. Code, §§ 11150, 11158.)

Although the requirement of court approval of medical recommendation is reasonably limited to marijuana, the language of the condition is susceptible to overbroad interpretation so as to prohibit the minor from possessing or using medically necessary prescribed medication.  Accordingly, we will order modification of the challenged condition to make clear the need for court approval of a medical recommendation for marijuana and to specifically except medically necessary medications prescribed for minor from the list of prohibited items.

(b)  *The challenged condition's reference to intoxicants*

Minor argues the language of the challenged probation condition that prohibits her from knowingly possessing, consuming, inhaling, or injecting any intoxicants, is unconstitutional because the word "intoxicants" is vague and she could never know what substance is an intoxicant.  We disagree.

A condition is not impermissibly vague if it is sufficiently precise to alert probationers of what is required of them, that is, to give fair warning of prohibited behavior, and for the court to be able to determine whether the condition has been violated.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  In considering a vagueness claim, the probation condition is interpreted using a reasonable, objective reader standard.  (*In re I.V.* (2017) 11 Cal.App.5th 249, 261.)  A condition will not be invalidated as

5

unconstitutionally vague if there is a reasonable and practical construction of its language. (*People v. Hall* (2017) 2 Cal.5th 494, 501.)

Here, minor argues the word "intoxicants" is unconstitutionally vague because neither she nor those enforcing the condition will know what substances fall within that category, leaving her at risk of incarceration for ingesting, for example, a cough drop. We are not persuaded.

It is true that "intoxicants" include common items such as mouthwash and over-the-counter medications that are not regulated by statute and may contain ingredients minor may not realize are intoxicating. But, where, as here, the condition prohibits the *knowing* use or possession of "intoxicants," it is not void for vagueness. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 590-593, cited with approval in *Hall*, *supra*, 2 Cal.5th at pp. 499-500, cited with disapproval to the extent *Rodriguez* held the knowledge requirement must be express where prohibited item was not criminalized by statute but was merely related to criminality, *Hall*, at p. 503, fn. 2.) The reasonable and practical construction of the provision is that, subject to the aforementioned exception for medically necessary medications, minor may not willfully possess, consume, inhale, or inject any substance, be it controlled or not, that she knows has an intoxicating effect. (*Hall*, *supra*, 2 Cal.5th at p. 500.)

2.     The restitution fine

In its memorandum to the juvenile court, the Riverside County Probation Department recommended minor pay a restitution fine in an unspecified amount. In

the course of the disposition hearing, minor's counsel noted that the report did not list an amount for the restitution fine and that the court had not yet ordered it. Counsel added, "[d]ue to mom's current circumstances, I would ask the Court to strike that since she does not have the ability to pay." The court denied the request and imposed a $100 restitution fine, the maximum amount allowed by section 730.6.

Whenever a minor is found to be a person coming within section 602 because of the commission of one or more misdemeanor offenses, the juvenile court is required by section 730.6 to order the minor to pay a restitution fine commensurate with the seriousness of the offense(s). (§ 730.6, subd. (b)(2).) The juvenile court has discretion in fixing the amount of the fine so long as it does not exceed $100. (*Ibid.*) It must impose the fine without regard to the minor's ability to pay but is required to consider that factor, including his or her future earning capacity, along with the seriousness and gravity of the offense, the circumstances of its commission, any economic gain to the minor and the losses suffered by others as a result of the offense when determining the amount to be imposed. (§ 730.6, subds. (c), (d).) A separate hearing for the fine is not required. (§ 730.6, subd. (b)(2).)

In addition, there is a rebuttable presumption that a parent who has joint or sole legal and physical custody and control of the minor is jointly and severally liable for the amount of the restitution fine subject to consideration of the parent's inability to pay. (§ 730.7, subd. (a).) In considering the parent's ability to pay, the court may

consider future earning capacity, present income, number of persons dependent on that income, and other necessary obligations, such as rent, food, and clothing.  (*Ibid.*)

We note that the objection to the fine made by minor's counsel appears to refer only to the mother's inability to pay.  But, because the probation report counsel referred to addresses only the minor, who with her mother is jointly and severally liable for the fine imposed, and because the parties on appeal have treated the objection to imposition of the fine as encompassing the minor, we do not find the issue forfeited as to her.

Here, the court imposed the maximum fine of $100 without mention of any of the factors required by sections 730.6 and 730.7 to be considered.  The court's statement that it was "going to impose *the* restitution fine, misdemeanor—two misdemeanors, a hundred dollars both," (emphasis added) without mention of any of the statutory factors suggests it was not aware of its discretion to order a fine in any amount ranging from $0.01 to $100.  And, had the court considered the factors, we would find it abused its discretion by imposing the maximum fine in the circumstances presented.

Here, minor was 14 when she trespassed onto school grounds and punched another minor in the face.  There is no evidence minor caused the victim serious injury, or that she benefitted economically from committing her offenses.  The record demonstrates that minor and her mother had no ability to pay the maximum fine and their prospects for paying the fine from future earnings were dismal.  Minor had been

homeless for an extended period of time and family members were unable or unwilling to provide long-term shelter for her. She had suffered abuse and neglect, she had a history of mental health issues, defiance, drug use, and refusal or inability to attend school on anything near a regular basis. Her mother has substance abuse issues, was on probation for offenses including burglary and possession of controlled substances while in jail, and has a minor son who is also in the juvenile justice system. At the time minor was taken into custody in June 2019, she had been living with her mother for six months, who provided a tent and, more recently, a car for housing. Bathing facilities consisted of using a friend's access to a swimming pool that had showers. Laundry was done by hand. Together, minor and mother collected recycling to produce income.

Although we could remand this matter to determine an appropriate fine between $0.01 and $100, to do so would be judicially uneconomical. (*People v. Diaz* (1991) 229 Cal.App.3d 1310, 1316.) We find $1.00 to be a reasonable fine in the circumstances presented and order modification of the restitution fine to reflect that amount.

In view of the foregoing, we need not address the issue whether *Dueñas* applies to the imposition of restitution fines by the juvenile court.

**DISPOSITION**

The challenged condition is ordered modified to read as follows: With the exceptions of (1) necessary medication prescribed for or administered to the minor by

9

a licensed health care professional and (2) marijuana in an amount and used in a manner that has been recommended for the minor by a physician and approved by the court, along with paraphernalia necessary for the use of that substance as recommended and approved, the minor may not knowingly possess, consume, inhale, or inject any intoxicants, alcohol, narcotics, aerosol products, or other controlled substances, poisons, or illegal drugs; nor may she possess paraphernalia related to use of those items.

The restitution fine is ordered modified to reflect a total fine of $1.00 (one dollar).

As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

10