Filed 3/10/22  P. v. Ortiz CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048364 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2004948) |
| v. | |
| NICHOLAS JON ORTIZ et al., | |
| Defendants and Appellants. | |

Appellants Nicholas Jon Ortiz and Andrew Daniel Muir appeal from judgments entered after convictions by plea.  Appointed counsel for Muir has filed a brief asking this court to review the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Muir was advised of the right to file a supplemental brief but has not responded.  Finding no arguable error that would result in a disposition more favorable to Muir, we affirm the judgment.

Ortiz raises two claims of error.  For the reasons explained below, we modify Ortiz's term of probation to two years and order one condition of probation stricken as duplicative.  Otherwise, we affirm the judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

On March 23, 2020, at approximately 1:30 a.m., there was a disturbance at Rengstorff Park in Mountain View.[1] Three men were drinking at the park when Ortiz, Muir, and another person approached them and asked if they were Sureños. Ortiz and Muir used metal clamps and beer bottles to assault the men. Ortiz, Muir, and the other person with them got into a car and drove towards two of the three victims, who were able to get out of the car's path. Two of the victims received cuts to their heads; one was transported to the hospital due to the severity of his injuries. One of the victims identified Muir and Ortiz as two of the people who had attacked them.

Varrio Mountain View is a subset of the Norteño criminal street gang. Varrio Mountain View and Mountain View Sureños are rival gangs. Muir is an active member of the Varrio Mountain View criminal street gang. Ortiz is also a member of Varrio Mountain View. At the preliminary hearing, a witness qualified as an expert in the Varrio Mountain View criminal street gang opined in response to a hypothetical question based on the facts of the offense that the crime would promote, further, or assist in criminal conduct by gang members because it would be done to intimidate members of a rival gang and signal a possible takeover of new territory for the gang.

Muir and Ortiz were charged by information with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[2]; count 1) with an allegation that each had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)), assault with a deadly weapon (§ 245, subd. (a)(1); count 2) with an allegation that each had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)), assault with a deadly weapon (§ 245, subd. (a)(1); count 3) with allegations that each had personally inflicted great bodily injury (§§ 12022.7, subd. (a) & 1203, subd. (e)(3)) and had committed the offense for the benefit of a

---

[1] These facts are taken from evidence admitted at appellants' preliminary hearing.
[2] Unspecified statutory references are to the Penal Code.

criminal street gang (§ 186.22, subd. (b)(1)(B)), and participating in a criminal street gang (§ 186.22, subd. (a); count 5).  Muir was additionally charged with assault with a deadly weapon (§ 245, subd. (a)(1); count 4[3]).  The information also alleged Muir had been convicted of two prior serious or violent offenses (strike convictions) (§ 1170.12) based on prior convictions for robbery and felony assault for the benefit of a criminal street gang and had also been convicted of two prior serious felonies (§ 667, subd. (a)(1)).

On July 20, 2020, Ortiz entered a plea of no contest to count 2 (§ 245, subd. (a)(1)) and admitted the enhancement under section 186.22, subdivision (b)(1)(B) pursuant to a plea agreement in which he agreed to plead to those charges in exchange for a term of probation.  The length of probation was not indicated in the agreement.  With respect to conditions of probation, Ortiz agreed to serve one year in the county jail, register as a gang offender, and stay away from Rengstorff Park.

That same day, pursuant to a written plea agreement, Muir pleaded no contest to count 2 (§ 245, subd. (a)(1)) and an amended count 4 (§ 245, subd. (a)(1)[4]).  He also admitted the gang allegations attached to counts 2 and 4 (§ 186.22, subd. (b)(1)(B)) and the allegation that he had suffered a prior strike offense (§ 1170.12).  He agreed to serve a prison term of six years.  The People agreed to dismiss counts 1, 3, and 5 and the remaining allegations.

The trial court sentenced both defendants on August 17, 2020.  With respect to Ortiz, the court on count 2 suspended imposition of sentence and placed Ortiz on probation for three years.  The court imposed a number of conditions of probation, including that Ortiz serve 364 days in the county jail.  The court awarded Ortiz 296 days

---

[3] Specifically, this count alleged "On or about March 23, 2020, . . . the crime of assault with a deadly weapon, in violation of Penal Code section 245[, subd.] (a)(1), a Felony, was committed by Andrew Daniel Muir who did commit an assault upon the person of [the victims] with a deadly weapon and instrument other than a firearm, a[] motor vehicle."  (Some capitalization omitted.)

[4] The language in the information describing the deadly weapon in count 4 was amended from "motor vehicle" to "metal object."

3

of custody credit. On appeal, Ortiz challenges one of the terms of his probation. That condition (referred to by the parties as condition number 9) ordered that Ortiz "not knowingly possess any item that, under the law, would be considered a deadly or dangerous weapon." In a separate condition (condition number 19), the trial court ordered that Ortiz "shall not own, knowingly use or possess any item that [he] know[s] is capable of being used in a dangerous or deadly manner with the intent to use it in such [a] manner." Ortiz did not object to any of the conditions of probation imposed by the trial court. The court dismissed counts 1, 3, and 5, and the remaining allegations.

With respect to Muir, the trial court ordered a term of imprisonment of six years (consisting of four years on count 2 and two years consecutive on count 4 with the punishment stricken on both enhancements) and awarded 296 days of custody credit. The court imposed and stayed a $300 restitution fund fine (§ 1202.4) and imposed and stayed a parole revocation fee in the same amount (§ 1202.45). The court did not impose any other fines and fees.

Muir and Ortiz timely appealed. Neither sought a certificate of probable cause.

## II. DISCUSSION

Ortiz raises two claims on appeal. He contends that his probation term must be reduced to two years as a result of Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950), which took effect January 1, 2021. He also maintains that the condition of probation that he not "knowingly possess any item that, under the law, would be considered a deadly or dangerous weapon" (condition number 9) is constitutionally overbroad because it would prohibit him from possessing an ordinary kitchen knife to prepare food. He asserts that another probation condition (which he does not challenge) satisfies the apparent purpose of condition number 9 and therefore the latter should be stricken in its entirety as duplicative.

The Attorney General concedes that the changes in the maximum length of probation made by Assembly Bill 1950 apply to Ortiz, and he joins in Ortiz's request that

4

Ortiz's term of probation be shortened to two years. The Attorney General does not agree that condition number 9 is overbroad.[5] The Attorney General asserts that the trial court's statements at sentencing clarify that the condition applies only to items that Ortiz intends to use as a weapon and therefore the condition is not overbroad.

A. *Ortiz's Appeal*

1. Probationary Term

At the time of Ortiz's sentencing hearing in August 2020, the trial court had the authority to impose a three-year probationary term. (Former Pen. Code, § 1203.1, subd. (a).) On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for most felony offenses to two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879 (*Quinn*).) Penal Code section 1203.1, subdivision (a), now states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." (§ 1203.1, subd. (a).) There is an exception to the new two-year limitation for certain felonies, but that exception does not apply here. (See *id.*, subd. (m).)

We agree that Assembly Bill 1950 applies to Ortiz, and therefore his probationary term may not exceed two years. (*People v. Czirban* (2021) 67 Cal.App.5th 1073, 1095; § 1203.1, subds. (a), (m).) Given that the parties agree to a reduction of Ortiz's probation to two years and there otherwise appears no need for a remand to the trial court, we shall simply order that Ortiz's term of probation is reduced from three years to two years. (See *Quinn*, *supra*, 59 Cal.App.5th at p. 885.)

---

[5] Although the Attorney General also defends the condition on vagueness grounds, Ortiz does not assert it is void for vagueness. The Attorney General does not argue Ortiz forfeited his challenge to the condition by failing to object to it in the trial court.

2. Overbreadth Challenge to Deadly or Dangerous Weapon Probation Condition

Ortiz challenges as constitutionally overbroad probation condition number 9, which states he may "not knowingly possess any item that, under the law, would be considered a deadly or dangerous weapon." He also contends condition number 9 is duplicative of condition number 19 (which he does not challenge) which states he "shall not own, knowingly use or possess any item that [he] know[s] is capable of being used in a dangerous or deadly manner with the intent to use it in such [a] manner." The Attorney General does not address Ortiz's contention that condition number 9 is duplicative of condition number 19.

We need not reach Ortiz's constitutional challenge to condition number 9, because we agree it is largely duplicative of condition number 19, which contains the additional element of intent. (See generally *People v. Hall* (2017) 2 Cal.5th 494, 501.) We therefore strike condition number 9 but do not disturb the other conditions of probation ordered by the trial court, including condition number 19.

B. *Muir's Appeal*

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Muir. We therefore affirm the judgment.

## III. DISPOSITION

With respect to appellant Ortiz, the order granting probation is modified by reducing the term of probation to two years and striking the probation condition that appellant Ortiz "not knowingly possess any item that, under the law, would be considered a deadly or dangerous weapon." In all other respects, the judgment is affirmed.

With respect to appellant Muir, the judgment is affirmed.

6

_____
                                        Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.




_____
Grover, J.




**H048364**
*People v. Ortiz, et al.*