Filed 4/13/23  P. v. Fonseca CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B320537 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148896) |
| v. | |
| JOAQUIN FONSECA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victor M. Acevedo, Judge.  Reversed and remanded.

Sunnie L. Daniels, under appointment for the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Joaquin Fonseca appeals from an order revoking probation, contending there was insufficient evidence to support the order. The Attorney General concedes, and we agree, that the trial court improperly revoked probation.

Fonseca pleaded no contest to assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). On January 7, 2020, the trial court imposed the upper term of four years in prison, suspended execution of sentence, and placed Fonseca on three years' probation. As a condition of probation, Fonseca was ordered to perform 45 days of community labor with Caltrans and to provide proof of completion by October 7, 2020.

The case was called for possible probation violation in July 2021, at which time the trial court ordered Fonseca to enroll in the Caltrans program and to provide proof of enrollment by August 5, 2021. His time to complete the 45 days of community labor with Caltrans was extended to July 14, 2022. Thereafter, Fonseca submitted proof he had enrolled in the Caltrans program on August 3, 2021. However, in September 2021, his probation was revoked, and the matter was set for a probation violation hearing. At a May 16, 2022 hearing, the trial court found that Fonseca was not in substantial compliance with the condition he complete 45 days of community labor, revoked probation, and executed the four-year sentence.

Although a trial court need only find a violation of probation by a preponderance of the evidence (*People v. Rodriguez* (1990) 51 Cal.3d 437, 442), "the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation" (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982). We review a trial court's order revoking probation for an abuse of discretion but

2

review its factual findings for substantial evidence.  (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

Here, the trial court found that Fonseca had not substantially complied with the condition he complete 45 hours of community labor.  However, there was no condition of probation requiring Fonseca to substantially comply with the community labor condition by a certain date prior to July 14, 2022 or otherwise explaining the terms of such substantial compliance. (See generally *People v. Hall* (2017) 2 Cal.5th 494, 500 [probation condition must be sufficiently definite to inform probationer what conduct is required or prohibited and to enable court to determine violation].)  Rather, the condition required Fonseca to complete 45 days of community labor by July 14, 2022.  When the trial court revoked probation, Fonseca had about 60 days to complete that condition, and there is no evidence he could not do so in that time.  The trial court therefore abused its discretion by revoking probation.

## DISPOSITION

The order revoking probation is reversed, and the matter is remanded for further proceedings.  The remittitur shall issue forthwith.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EDMON, P. J.


We concur:


             LAVIN, J.



             BENKE, J.*

---

*       Retired Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.