Filed 3/20/24  P. v. Stewart CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN STEWART,<br><br>    Defendant and Appellant. | H051171<br>(Santa Cruz County<br> Super. Ct. No. 23CR01912) |

**MEMORANDUM OPINION**

We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853-855.)

After defendant Stephen Stewart admitted a probation violation, the trial court added a new condition:  "Don't bother anybody."  Stewart argues that this condition is unconstitutionally vague and overbroad, and the Attorney General concedes that the condition is unconstitutionally vague.  We accept the concession.

On May 4, 2023, Stewart was charged with vandalizing a window in the house of his mother and stepfather.  The complaint also alleged that Stewart was released on bail at the time of the incident.  On May 12, 2023, pursuant to a plea agreement, Stewart pleaded no contest to the vandalism charge as well as to violating a protective order in a

1

misdemeanor case, and the allegation that he was on bail at the time was dismissed. The trial court then suspended imposition of the sentence for vandalism and placed Stewart on formal probation for two years.

Less than two weeks later, Stewart was back in court for disturbing the peace near a middle school. Stewart admitted that he had violated the conditions initially placed on his probation, and after a discussion of his mental health issues, the trial court reinstated probation, adding the conditions that Stewart take all medication prescribed for him and that he stay away from the middle school. The prosecutor then requested that Stewart "not yell and scream and/or disturb the peace of any workers" at the school. Stewart's counsel objected that this condition was overly broad because Stewart would not know who worked at the school. The trial court responded that "[h]e's not to bother anybody. Don't bother anybody. That's my order." Stewart objected that this requirement was overbroad, but the condition "[d]on't bother anybody" was included in the probation order. Stewart filed a timely noticed of appeal.

In this court, Stewart argues that the condition "[d]on't bother anybody" is unconstitutionally vague as well as overbroad. The Attorney General concedes that the condition is unconstitutionally vague because it neither explains what constitutes "bothering" others nor defines a particular group of persons that Stewart may not bother. We agree and therefore accept the Attorney General's concession.

As the Supreme Court has recognized, "[t]o withstand a constitutional challenge on grounds of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition." (*People v. Hall* (2017) 2 Cal.5th 494, 500; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) The purpose of the vagueness requirement is to ensure "fair warning," which " 'prevent[s] arbitrary law enforcement' " as well as " 'providing adequate notice to potential offenders.' " (*Sheena K.*, at p. 890.)

The condition "[d]on't bother anybody" is not sufficiently definite to inform Stewart what conduct the condition on his probation prohibits. In *Coates v. City of Cincinnati* (1971) 402 U.S. 611 the United States Supreme Court held unconstitutionally vague an ordinance that prohibited three or more individuals from conducting themselves in a manner "annoying to persons passing by." "Conduct that annoys some people," the Supreme Court reasoned, "does not annoy others," and therefore " 'men of common intelligence must necessarily guess at [the ordinance's] meaning.' " (*Id*. at p. 614.) The same is true of the probation condition here. The word "bother" is even broader than "annoy." (Compare Webster's 3d New Internat. Dict. (1993) p. 87, col. 3 [defining "annoy" to mean "to irritate with a nettling or exasperating effect" or "to harass"] with *id.*, p. 258, col. 2 [defining "bother" to mean "to put into a state of agitation" or "a flutter" or "to annoy, anger, or upset"].) Consequently, just as conduct that annoys some people may not annoy others, conduct that bothers some people may not bother others. In addition, because Stewart's probation condition prohibits him from bothering "anybody," the condition cannot be saved by implying into it a requirement that a reasonable person would be bothered. (Compare *People v. Ewing* (1999) 76 Cal.App.4th 199, 208.) As a consequence, the "[d]on't bother anybody" condition leaves Stewart no way of knowing when his conduct may violate the condition by bothering a particularly sensitive individual, and nothing prevents a law enforcement officer or judge from deciding in an unpredictable and arbitrary fashion that some relatively ordinary and innocuous conduct violates the condition. We therefore conclude that the condition is unconstitutionally vague.

## DISPOSITION

The May 25, 2023 probation order is reversed, and this matter is remanded to the trial court to strike or modify the probation conditions consistent with this opinion.

3

_____
BROMBERG, J.


WE CONCUR:




_____
BAMATTRE-MANOUKIAN, ACTING P. J.




_____
DANNER, J.




*People v. Stewart*
H051171