Filed 6/5/25  P. v. Wessling CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101314 |
| v. | (Super. Ct. No. CRF2400368) |
| RYAN MICHAEL WESSLING, | |
| Defendant and Appellant. | |

Defendant Ryan Michael Wessling pleaded no contest to sexual penetration of a minor, false imprisonment by violence, violation of a protective order, and destruction of evidence.  He also admitted a strike allegation attached to the sexual penetration count.  The trial court sentenced defendant to a stipulated prison term of three years four months and issued a 10-year protective order under Penal Code section 136.2, subdivision (i) that includes no-contact and no-abuse provisions.[1]

Defendant now contends (1) the no-contact provision is unconstitutionally overbroad and also amounts to an unlawful prior restraint on his freedom of expression, and (2) the no-abuse provision is not authorized by section 136.2, subdivision (i).  We will strike a portion of the no-contact provision and otherwise affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

Yuba County Sheriff's Department deputies responded to a motel in Linda and spoke with M.L., a 17-year-old girl, who said she was staying there with defendant, a 33-year-old man. M.L. initially claimed that defendant was her uncle, but later admitted they were in a relationship. M.L. told the deputies defendant "threw her around," took her phone, and then locked her in the bathroom. Deputies found various sex toys in the room. Following defendant's arrest, he admitted having sex with M.L. using the sex toys. At defendant's arraignment, the trial court issued a no-contact order, which defendant violated shortly thereafter by talking to M.L. on the phone. Defendant also repeatedly contacted friends and family members asking them to destroy evidence, including by erasing the contents of his cell phone. Defendant had been previously convicted of making a criminal threat, a strike offense within the meaning of the three strikes law.

Defendant pleaded no contest to sexual penetration of a minor, false imprisonment by violence, violation of a protective order, and destruction of evidence; he also admitted the prior strike attached to the sexual penetration count. At sentencing, in addition to imposing the stipulated three-year four-month prison term, the trial court issued the protective order at issue in this appeal.

The challenged protective order contains the following no-contact provision: "Defendant must not contact [M.L.], directly or indirectly, by any means, including by telephone, mail, email, or other electronic means, or through a third party. Contact through an attorney under reasonable restrictions set by the court does not violate this order." At the sentencing hearing, while explaining that provision to defendant, the trial court added, "don't post anything on social media or write any letters to the editor or comment about this case or disseminate it into the public, because that's indirect contact in this matter."

The protective order also contains a no-abuse provision that provides in relevant part: "Defendant must not harass, strike, threaten, assault (sexually or otherwise), hit,

2

follow, stalk, molest, destroy or damage personal or real property, disturb the peace of, keep under surveillance, annoy by phone or other electronic means (including repeatedly contact), impersonate (on the internet, electronically, or otherwise), or block movements of [M.L.]."

## DISCUSSION

### I

Defendant contends the no-contact provision is unconstitutionally overbroad and also amounts to an unlawful prior restraint on his freedom of expression. The contentions are cognizable on appeal even though defendant did not object to the no-contact provision in the trial court "because they raise a facial constitutional challenge involving a question of law that requires no reference to the sentencing record." (*People v. Kelley* (2022) 76 Cal.App.5th 993, 997-998 (*Kelley*); see *In re Sheena K.* (2007) 40 Cal.4th 875, 880-889.) Our review of the contentions is de novo. (*People v. Prowell* (2020) 48 Cal.App.5th 1094, 1099.)

### A

Defendant argues the no-contact provision is unconstitutionally overbroad because it does not contain an express intent or knowledge requirement.

"A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153; see *In re Sheena K., supra*, 40 Cal.4th at p. 890.)

Section 136.2 "authorizes a trial court to issue protective orders to protect 'a victim or witness' in a criminal matter." (*People v. Beckemeyer* (2015) 238 Cal.App.4th

3

461, 465 (*Beckemeyer*), quoting § 136.2, subd. (a).) Although section 136.2, subdivision (a) authorizes such an order "only during the pendency of the criminal action," the Legislature added subdivision (i) in 2011 to authorize the trial court to impose "a 10-year postconviction protective order" in certain criminal cases. (*Beckemeyer,* at p. 465.) The subdivision provides in relevant part: "When a criminal defendant has been convicted of a crime involving domestic violence, . . . or a crime that requires the defendant to register [as a sex offender], the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. The order may be valid for up to 10 years, as determined by the court." (§ 136.2, subd. (i)(1).) In order for a defendant to be held in contempt for violation of such an order, the violation must be "willful and knowing." (§ 166, subd. (c)(1); see *Kelley, supra*, 76 Cal.App.5th at p. 1001.)

In *Kelley*, this court concluded that a protective order's stay-away provision was not unconstitutionally vague despite the fact that it did not contain an express knowledge requirement. Because section 166, subdivision (c)(1) requires that "a violation of a protective order must be 'willful and knowing' [citation]," this court held that the knowledge requirement was implicit in the stay-away provision and did not need to be expressly stated in the protective order. (*Kelley, supra*, 76 Cal.App.5th at p. 1001.) In so holding, this court followed the reasoning of *People v. Hall* (2017) 2 Cal.5th 494, in which the California Supreme Court held that the lack of an express knowledge requirement in probation conditions prohibiting the possession of firearms and illegal drugs did not render those conditions unconstitutionally vague. (*Id*. at p. 501.) This was because the "law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and restricted nature." (*Ibid*.) Thus, the challenged probation conditions

already contained an implicit requirement that any violation must be willful and knowing; they did not need to be modified to expressly so state.

Here, defendant does not argue that the lack of an express intent or knowledge requirement makes the no-contact provision unconstitutionally vague. He does, however, argue that the no-contact provision is unconstitutionally overbroad because, without an express intent or knowledge requirement, he might be found to be in violation of the provision by indirectly communicating with a third party "without knowing or intending that the third party will convey the statement to [M.L.]" Not so. As *Kelley* and *Hall* make clear, the no-contact provision implicitly contains a requirement that any violation must be "willful and knowing." (§ 166, subd. (c)(1).) We therefore reject the premise of defendant's overbreadth challenge. Stated simply, the no-contact provision cannot be unconstitutionally overbroad for failing to expressly contain a requirement that it implicitly contains.

B

Defendant also argues the trial court's oral addition to the no-contact provision, prohibiting him from posting on social media, contacting news outlets, or disseminating information about the case to the public, is an unlawful prior restraint on his freedom of expression.

" '[P]rior restraints on speech . . . are the most serious and the least tolerable infringement on First Amendment rights.' [Citation.] Orders enjoining the right to speak on a particular topic are disfavored and presumptively invalid." (*Molinaro v. Molinaro* (2019) 33 Cal.App.5th 824, 831 (*Molinaro*).) "To establish a valid prior restraint under the federal Constitution, a proponent has the heavy burden to show the countervailing interest is compelling, the prior restraint is necessary and would be effective in promoting this interest, and less extreme measures are unavailable." (*Id*. at pp. 831-832.) Under the California Constitution, which "is more protective of free speech rights than the federal Constitution," there must be " 'extraordinary circumstances' before a prior restraint may

5

be imposed." (*Id*. at p. 832.) However, the analysis under the California Constitution is "similar to the federal constitutional analysis [citation], and injunctive relief restraining speech under the California Constitution may be permissible where the relief is necessary to ' "protect private rights" ' and further a 'sufficiently strong public policy' [citation]." (*Ibid*.)

In *Molinaro*, the appellate court reversed a portion of a domestic violence restraining order prohibiting the restrained party, Michael, from posting anything about his divorce case on Facebook. The court explained: " 'It is certainly in the best interests of any children of divorce that the adults in their lives act in a mature and courteous manner . . .' [citation]; however, where a restraint on the freedom of speech is concerned, the restriction must be necessary and narrowly tailored to promoting those interests. The part of the restraining order prohibiting Michael from posting about the case on Facebook does not meet this test." (*Molinaro, supra*, 33 Cal.App.5th at p. 833; see also *In re Marriage of Candiotti* (1995) 34 Cal.App.4th 718, 724-726 [custody order limiting parent's right to communicate with third parties about the custody proceeding was an unconstitutional prior restraint].)

Here, although there is a compelling interest in protecting M.L. from indirect contact with defendant, the People concede that the trial court's oral additions to the protective order preventing defendant from posting on social media, contacting news outlets, or disseminating information about the case to the public, "do not appear . . . to be necessary or narrowly tailored to protecting [M.L.]" We agree. We shall therefore strike those portions of the protective order.

## II

Defendant also asserts that the no-abuse provision must be stricken because it is not authorized by section 136.2, subdivision (i). Unlike defendant's facial constitutional challenges to the no-contact provision, this statutory challenge to the no-abuse provision is forfeited because defendant did not object to the no-abuse provision in the trial court.

6

"As a general rule, an appellant [forfeits] issues on appeal that he or she did not initially raise in the trial court. [Citation.] But there are exceptions to this rule for unauthorized sentences and sentencing decisions that are in excess of the trial court's jurisdiction." (*People v. Ponce* (2009) 173 Cal.App.4th 378, 381.) In *Ponce*, the defendant did not object in the trial court to a three-year postjudgment protective order issued under section 136.2. (*Ponce,* at p. 381.) But at that time, section 136.2 authorized only *prejudgment* protective orders. (See *Beckemeyer, supra*, 238 Cal.App.4th at p. 465.) Because the defendant was challenging the three-year postjudgment order as unauthorized by the statute and therefore outside the trial court's jurisdiction to impose, the appellate court held that the defendant did not forfeit his appellate challenge. (*Ponce,* at pp. 381-382.)

Here, the trial court had statutory authority to issue a no-contact order under section 136.2, subdivision (i)(1). Although a different subdivision, section 136.2, subdivision (a)(1)(A), applicable to prejudgment protective orders, references a statute pertaining to what are commonly known as "no-abuse" orders (*In re Marriage of Willis & Costa-Willis* (2023) 93 Cal.App.5th 595, 600),[2] defendant has not articulated how abuse could occur absent contact. Instead, he argues that the no-contact provision covers all of the conduct prohibited by the no-abuse provision, making the no-abuse provision superfluous. We do not decide whether a no-abuse provision should be included in a

---

[2] Section 136.2, subdivision (a)(1)(A) authorizes the trial court to issue a prejudgment protective order, including an order issued pursuant to Family Code section 6320, which in turn authorizes the issuance of an ex parte order enjoining a party from "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating . . . , falsely personating . . . , harassing, telephoning, . . . destroying personal property, contacting, either directly or indirectly, . . . , coming within a specified distance of, or disturbing the peace of the other party . . . ." (Fam. Code, § 6230, subd. (a).)

postjudgment order under section 136.2, subdivision (i).  We simply conclude that, unlike in *Ponce*, defendant's challenge to the no-abuse provision is not jurisdictional.

Because the trial court had jurisdiction to issue the 10-year postconviction protective order under section 136.2, subdivision (i)(1), and defendant did not object to the no-abuse provision contained in that order, the general rule of forfeiture applies, not the exception for unauthorized sentences in excess of the trial court's jurisdiction. The contention is therefore forfeited.  (See *People v. Race* (2017) 18 Cal.App.5th 211, 219, fn. 4.)  In any event, defendant's argument that the no-abuse provision is superfluous amounts to an implicit concession that the inclusion of the no-abuse provision is manifestly harmless.

## DISPOSITION

The portion of the judgment prohibiting defendant from posting on social media, contacting news outlets, or disseminating information about the case to the public is reversed and stricken from the protective order.  In all other respects, the judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
KRAUSE, J.

8