Filed 11/5/24  P. v. Gonzalez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082775 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD299224) |
| NICKOLAS GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed in part, reversed in part and remanded with directions.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Collette C. Cavalier and James Spradley, Deputy Attorneys General for Plaintiff and Respondent.

After Nickolas Gonzalez pleaded guilty to one count of felony vandalism (Pen. Code,[1] § 594, subds. (a),(b)(1)), the court placed him on two years' formal probation, ordered him to pay restitution, and imposed various probation conditions including a warrantless electronics search condition, alcohol conditions, a no-contact condition, and a condition for probation approval of residence and employment. The court also imposed a $30 criminal conviction assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8, subd. (a)(1)) as part of the conditions. The court dismissed another count for misdemeanor possession of burglary tools (§ 466).

Gonzalez challenges his probation conditions on various grounds, including under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*),[2] more fully described below. To the extent his counsel did not object to the conditions, he maintains he received ineffective assistance for counsel's failure to properly preserve the issue. He contends the criminal conviction and court operations assessments should be deleted as unlawful probation conditions and imposed in a separate order. The People concede the latter point. We reverse the judgment in part and direct the court to strike that portion of Gonzalez's probation condition requiring him to submit his "computers" and "recordable media including electronic devices" to warrantless search, including the court's requirement that he turn over passcodes. We will also direct the court to modify Gonzalez's alcohol-related conditions to either eliminate residential treatment as an option or specify that they include residential treatment only

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Superseded by Proposition 8 in 1982 on other grounds as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6.

2

if ordered by the court. Finally, we direct the trial court to impose the $40 court operations assessment and $30 criminal conviction assessment in separate orders. We otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, prosecutors charged Gonzalez and a codefendant, Damian Tejeda, with felony vandalism after police caught the men trying to break into a bank automated teller machine (ATM). Gonzalez eventually pleaded guilty to the vandalism count, agreeing he "maliciously damaged property of another, an ATM with the value of the damage approximately $10,000[.]"[3] Gonzalez's probation officer reported that Gonzalez and Tejeda pulled up in a truck near the ATM, removed two plywood boards and placed them near the ATM, then Gonzalez worked with a prybar to force the ATM open while Tejeda waited in the truck's driver's seat. Officers responding to a witness report interrupted them during the incident. They found the ATM's screen monitor removed and its cash dispenser bent.

During the sentencing hearing, Gonzalez's counsel asked the court to "consider reducing, but not staying or eliminating" certain fines. Counsel also asked the court not to impose some probation conditions. He asked the court to eliminate a condition that Gonzalez have no contact with Tejeda, telling the court that Tejeda was Gonzalez's employee, they worked together and Tejeda facilitated clerical work at Gonzalez's business. He argued that with the condition in place, "Tejeda would not have the job and ability to continue paying what is expected to be a large amount of restitution, and Mr. Gonzalez would have to replace an employee."

---

[3] The written plea form indicates that the factual basis for his plea was that Gonzalez "maliciously damaged property valued over $400" and that "restitution is approximately $10,000." (Some capitalization omitted.)

3

Counsel also asked the court to not impose a "computers, recordable media or electronic devices" provision in one of the search conditions, stating he did not believe it had a nexus to the case. He similarly asked the court to not impose certain alcohol-related conditions because, absent a nexus between the crime and alcohol, "There's no evidence in the probation report or elsewhere that Mr. Gonzalez was under the influence of alcohol or that he has an alcohol problem." Counsel then submitted on the probation terms.

The trial court denied Gonzalez's request to strike the no-contact condition with respect to Tejeda.[4] It retained the electronic device portion of the search condition, stating it "will include all electronic devices and pass codes to those devices to make sure that the defendant is absolutely not in contact with . . . Tejeda, not directly, not indirectly or by texting and on any social media together." However the court struck two of the alcohol-related conditions, stating it did not "see a nexus with alcohol or drugs . . . ."[5] It placed Gonzalez on formal probation and ordered conditions of probation requiring Gonzalez to:

"Have no contact with the [codefendant] Damien Tejeda" (condition 6g);

[4]     The court stated: "With regards to contact with the codefendant, it's ludicrous to even ask [to not impose it]. You and this individual, your codefendant, come up with this brilliant plan to break into an ATM, caused thousands of dollars worth of damage so you guys can both, together, steal the money. And you want this court to allow you to still have contact with him and work together? Absolutely not." (Some capitalization omitted.)

[5]     These were condition 8b, which prohibits knowingly using or possessing alcohol if directed by the probation officer, and condition 8h, prohibiting a person from being in places where he or she knows or is informed by a probation officer that alcohol is the main item for sale except in the course of employment.

4

"Submit [Gonzalez's] person, vehicle, residence, property, personal effects, computers, and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by [his probation officer] or law enforcement officer" (condition 6n);

"Attend 'Self-help' meetings . . . if directed by [his probation officer]" (condition 8c);

"Submit to any chemical test of blood, breath, or urine to determine blood alcohol content and authorize release of results to [his probation officer] or the court whenever requested by the [probation officer], a law enforcement officer, or the court ordered treatment program" (condition 8f);

" . . . [N]ot drive a motor vehicle unless licensed and insured as required by the State of California" (condition 8i);

". . . [N]ot knowingly use or possess any controlled substance without a valid prescription and submit a valid sample for testing for the use of controlled substances/alcohol when required by the [probation officer], law enforcement officer, or treatment provider" (condition 9c);

"Obtain [his probation officer's] approval as to [his] residence [and] employment" (condition 10g);

"Enroll in [and] adhere to substance use treatment & recovery services, as clinically indicated if directed by [his probation officer]" (condition 14a); and

"Participate in a substance use level of care assessment within [seven] business days if directed by [his probation officer]" (condition 14b).

The court modified the search authorization in condition 6n to "not extend to medical/legal information, financial accounts or transactions, or to any data created before the acceptance of this probation grant."

5

The order granting probation states that as a "term[ ] and condition[ ] of probation . . . [¶] . . . [¶] . . . The defendant shall pay" a $40 court operations assessment (condition 2b) and a $30 criminal conviction assessment (condition 2c).

Gonzalez appeals the judgment. (*People v. Patton* (2019) 41 Cal.App.5th 934, 943 [defendant who pleads guilty and waives right to appeal " 'any sentence stipulated *herein*' " may nevertheless attack probation conditions on appeal without obtaining certificate of probable cause because scope of waiver did not encompass yet-to-be-determined probation conditions].)

## DISCUSSION

### I. *General Principles and Standard of Review*

"[S]tate law authorizes the sentencing court to impose [probation] conditions . . . that are 'fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and . . . for the reformation and rehabilitation of the probationer.' (§ 1203.1, subd. (j).) Accordingly, . . . a sentencing court has 'broad discretion to impose conditions to foster rehabilitation and to protect public safety . . . .' [Citation.] But such discretion is not unlimited: '[A] condition of probation must serve a purpose specified in the statute,' and conditions regulating noncriminal conduct must be ' "reasonably related to the crime of which the defendant was convicted or to future criminality." ' " (*People v. Moran, supra,* 1 Cal.5th at pp. 402-403.)

A reviewing court may not invalidate a probation condition "unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Lent,*

6

*supra*, 15 Cal.3d at p. 486; *People v. Cota* (2020) 45 Cal.App.5th 786, 789-790.) "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.) " '[A] reviewing court will disturb the trial court's decision to impose a particular condition of probation only if, under all the circumstances, that choice is arbitrary and capricious and is wholly unreasonable.' " (*People v. Bryant* (2021) 11 Cal.5th 976, 984; see also *People v. Moran, supra*, 1 Cal.5th at p. 403.)

II. *Forfeiture and Claims of Ineffective Assistance of Counsel*

We begin with those conditions of probation Gonzalez's counsel left unmentioned at the sentencing hearing, that is, the alcohol-related conditions of 8c, 8f, 8i, 9c, 14a and 14b as well as condition 10g requiring probation officer approval of Gonzalez's residence and employment. Normally, counsel's failure to object to probation conditions as unreasonable or as applied to the defendant forfeits a defendant's right to raise appellate challenges to those conditions. (See *People v. Welch* (1993) 5 Cal.4th 228, 234-235 ["It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal"; "[n]o different rule should generally apply to probation conditions under consideration at the same time"]; *People v. Patton, supra*, 41 Cal.App.5th at p. 936 ["An as-applied constitutional challenge [to a probation condition] is forfeited unless previously raised"].) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to

7

explain why it is necessary in the particular case.  The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence.  A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Welch*, at p. 235.)  By accepting terms without objection, a probationer deprives the trial court of an opportunity to clarify or narrow the conditions if appropriate, or at a minimum, make a better record to support its decision, consistent with the forfeiture rule's rationale.

Alternatively, Gonzalez advances claims of constitutionally ineffective assistance of counsel.  To establish such a claim, he must show (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance was prejudicial, that is, " ' "there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citation.]  'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' " (*People v. Rices* (2017) 4 Cal.5th 49, 80; see *Strickland v. Washington* (1984) 466 U.S. 668, 687-688.)  " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." ' " (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)

" '[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 75-76.)

8

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

## A. *Alcohol and Drug-Related Conditions*

Gonzalez acknowledges his counsel did not object to conditions 8c, 8f and 8i as to self-help meetings, tests for blood alcohol content, and requiring license and insurance for driving a motor vehicle; condition 9c requiring him to submit to alcohol and drug testing; and conditions 14a and 14b concerning substance abuse assessment and treatment. He argues the conditions have no nexus to his crime, which did not involve alcohol or drugs; there is no indication he has an alcohol or drug use problem or had past criminal offenses involving such substances; and because the trial court found no nexus between the other alcohol-related conditions to which his counsel did object, nothing further was needed to preserve his appellate challenge. As for his ineffective assistance claim, Gonzalez contends that given his counsel's *Lent* objection to the two other alcohol and drug-related conditions and the court's agreement to strike them as lacking a nexus to his crime, the record affirmatively discloses his counsel had no rational tactical purpose for his omission. Gonzalez further contends the conditions violate his constitutional rights to liberty and privacy as well as the separation of powers doctrine, by delegating the decision-making discretion to nonjudicial persons.

### 1. Lent *Challenge*

We address Gonzalez's *Lent* challenge on the merits " 'to show counsel was not constitutionally ineffective by failing to make a futile or meritless objection.' " (*People v. Baker* (2018) 20 Cal.App.5th 711, 720.) Initially, we

observe that the requirement to attend self-help meetings if directed by his probation officer appears broad. But it falls within conditions categorized as alcohol or drug-related, and when analyzing probation conditions, we consider their context and use common sense. (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1129.) Under his plea agreement, Gonzalez agreed the court could "consider . . . the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases." The record shows that while Gonzalez has no prior criminal history, his probation report indicates he began consuming alcohol at age 16 and marijuana at age 15, though he claimed to have stopped using marijuana four years later. He reported using cocaine at age 18, and last used it at age 19. Gonzalez self reported that he did not have drug or alcohol addiction issues.

We cannot say, given Gonzalez's early alcohol use and his decision at age 23 to commit a crime causing serious damage and monetary loss to a business, that the court abused its discretion by imposing a requirement he attend alcohol-related self-help meetings at his probation officer's direction, which we presume will be exercised reasonably, not " 'irrationally or capriciously . . . .' " (*People v. Olguin*, *supra*, 45 Cal.4th at p. 383; accord, *People v. Stapleton* (2017) 9 Cal.App.5th 989, 996 [court will "presume a probation officer will not withhold approval for irrational or capricious reasons" and "cannot issue directives that are not reasonable in light of the authority granted to the officer by the court"]; *In re Hudson* (2006) 143 Cal.App.4th 1, 11 ["we will not assume that [a probation officer] will unreasonably withhold permission for legitimate computer and Internet usage"].) And delegating details of such assistance to the probation officer is a pragmatic necessity because a trial court "is poorly equipped to

10

micromanage selection of a [treatment or counseling] program." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 308.)

As for the other conditions, we conclude counsel was not constitutionally ineffective for failing to object to them. While Gonzalez denied having any issues or addiction with alcohol or drugs, and denied he would benefit from substance abuse treatment or support, his counsel could have reasonably believed in the face of his early alcohol and drug use that it was for the probation officer to assess the benefit of such treatment so as to minimize any future criminality and that, given Gonzalez reportedly had no substance abuse issues, the burden on him of submitting to testing and substance abuse assessment would be minimal. Further, counsel could have reasonably elected to focus on more onerous conditions, knowing that if the probation officer in the future ordered Gonzalez to comply with these conditions in an unreasonable manner, he could challenge the manner in which the condition has been implemented. (See *People v. Keele* (1986) 178 Cal.App.3d 701, 708 [trial court retains jurisdiction to review probation officer's actions and power to modify conditions of probation].) We therefore reject Gonzalez's ineffective assistance of counsel claim.

2. *Asserted Violation of Liberty and Privacy*

Gonzalez contends we may consider de novo whether the alcohol and drug-related probation conditions encroach on his rights to liberty and privacy under the Fourth and Fourteenth Amendments. According to Gonzalez, the conditions violate these rights because "they sweep too broadly and they have no rational connection to the offense and to future criminality." We note that a probationer "has a diminished expectation of liberty and privacy as compared to an ordinary citizen." (*People v. Garcia* (2017) 2 Cal.5th 792, 810.) In any event, because this claim turns on case-specific

11

facts and the sentencing record, his counsel forfeited it by failing to object on this ground. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 [constitutional challenges may be forfeited where they " 'do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court" ' "]; see also *People v. Moran*, *supra*, 1 Cal.5th at p. 398, 403, fn. 5.) Even if we were to consider the point, Gonzalez for support cites one case generally stating that a probationer has the right to "a significant degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments . . . ." (*People v. Pointer* (1984) 151 Cal.App.3d 1128, 1137.) The argument is so cursory and undeveloped that we would reject it as lacking demonstration of error.

3. *Separation of Powers Argument*

" 'The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution.' (Cal. Const., art. III, § 3.) Although the separation of powers doctrine 'does not prohibit one branch from taking action that might affect another, the doctrine is violated when the actions of one branch defeat or materially impair the inherent functions of another.' [Citation.] 'Separation of powers does not mean an entire or complete separation of powers or functions, which would be impracticable, if not impossible.' " (*In re D.N.* (2022) 14 Cal.5th 202, 212.)

Under this doctrine, "judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer." (*People v. Smith* (2022) 79 Cal.App.5th 897, 902; see also *In re D.N.*, *supra*, 14 Cal.5th at p. 209, fn. 4.) But " 'the court's order cannot be

12

entirely open-ended.' " (*Ibid.*, quoting *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359.)

Gonzalez challenges conditions 8f, 9c, 14a and 14b that he participate in substance abuse assessment, enroll in and adhere to substance abuse treatment, and submit to drug and alcohol testing on the ground they violate the separation of powers doctrine because the "open-ended language" in them delegate to nonjudicial persons the discretion to decide whether he is to attend an outpatient or residential program or submit to testing. He argues "[a]ll of these were ordered despite the court's specific finding that no nexus existed with alcohol and drugs."

Gonzalez relies in part on *People v. Smith, supra*, 79 Cal.App.5th 897, involving a defendant who pleaded no contest to identity theft who was placed on a probation condition providing she was " 'to participate in any treatment/therapy/counseling program, *including residential*, as directed by the probation officer.' " (*Id.* at p. 902, italics added.) The defendant in *Smith* argued that the condition improperly delegated judicial authority to the probation officer "because it allow[ed] the . . . officer to decide whether she will be required to attend any treatment, counseling, or therapy program and it fails to provide her with notice of the nature of the treatment, counseling, or therapy required." (*Id.* at p. 901.) She also contended, as does Gonzalez here, the condition violated the separation of powers doctrine because it delegated to the probation officer the discretion to decide whether she must attend a residential as opposed to an outpatient program. (*Id.* at p. 903.)

The Court of Appeal agreed to the extent the condition gave probation the discretion to decide whether the defendant was to attend residential

treatment. (*People v. Smith, supra*, 79 Cal.App.5th at pp. 901, 903.)[6] "A residential program can impose far greater burdens on a person's liberty interests than an outpatient program. . . . Unlike outpatients, participants in residential programs may be confined to the treatment facility for the duration of the program, separated from family and friends, and unable to maintain a job." (*Ibid.*) Given the "significant liberty interests at stake," *Smith* held that a court, not probation, must decide whether to require a defendant to attend residential treatment. (*Ibid.*)

The *Smith* court, however, did not invalidate the condition in its entirety but remanded the matter to the trial court with instructions to either "strike the words 'including residential' or to specify that the court requires [defendant to] undergo residential treatment." (*People v. Smith, supra*, 79 Cal.App.5th at p. 905.) Thus, the problem was not the requirement that the defendant participate in treatment as directed by probation, but the specific inclusion of language authorizing possible residential treatment.

To the extent Gonzalez's challenge turns on the fact the conditions have no nexus to his crime, it is forfeited for his counsel's failure to raise it and give the court the opportunity to limit or modify the conditions. But treating this separations of powers challenge as one of law, we observe that unlike in *People v. Smith, supra*, 79 Cal.App.5th 897, the conditions challenged by

---

6   The court rejected the defendant's argument as to improper delegation of the type of counseling, treatment or therapy and notice: "The treatment condition must be considered alongside the assessment condition, which provides that Smith must 'complete a drug and alcohol assessment and follow through with treatment as directed by probation.' This is consistent with the court's oral comments that Smith needed treatment for her substance abuse problem." (*People v. Smith, supra*, 79 Cal.App.5th at pp. 902-903.) The appellate court found the condition "passes muster" when considered in light of the assessment condition and the court's comments. (*Id.* at p. 903.)

14

Gonzalez here do not expressly provide for residential treatment.  But because the conditions are broad enough to possibly encompass such treatment we will order the trial court to modify the conditions to either eliminate residential treatment as an option or specify that they include residential treatment only if ordered by the court.  (Accord, *People v. Smith, supra*, 79 Cal.App.5th at p. 905.)  Further if, at some point, the probation officer exercises the delegated authority to select a program that Gonzalez believes is unnecessary or inappropriate, he can seek judicial intervention by moving to modify the probation order to ensure that the program is necessary and properly related to his rehabilitation.  (See *People v. Penoli, supra*, 46 Cal.App.4th at p. 308.)

B. *Residence and Employment Condition*

Gonzalez contends probation condition 10g, requiring him to obtain probation officer approval of his residence and employment, is unconstitutionally overbroad and violates his constitutional rights to travel and association.  According to him, it impermissibly infringes on his rights as did the residence approval condition in *People v. Bauer* (1989) 211 Cal.App.3d 937, in that it gives the probation officer "unfettered discretion" or "broad power over his living and working situation" and permits the officer to disapprove his residence or employment "for any reason or no reason at all." He asks us to strike the condition or modify it to state he must "[k]eep the probation officer *informed* of place of residence and employment and give written notice to the probation officer within twenty-four (24) hours prior to a change in residence."

Gonzalez styles his challenge as a facial one, not requiring consideration of his sentencing record, such that his counsel did not forfeit the argument.  Because he makes an alternative ineffective assistance

argument (albeit cursory), we will address his arguments on the merits, and conclude the condition is not facially unconstitutional.

" 'A [probation] restriction is unconstitutionally overbroad . . . if it (1) "impinge[s] on constitutional rights," and (2) is not "tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656-657.)

Under appropriate circumstances, a trial court may validly impose residence and employment approval conditions. (See, e.g., *People v. Arevalo, supra*, 19 Cal.App.5th at p. 657 [residence]; *People v. Burden* (1988) 205 Cal.App.3d 1277, 1280-1281 [employment].) Gonzalez has not shown such conditions are invalid in *all* applications (*People v. Patton*, *supra*, 41 Cal.App.5th at p. 946 [facial challenge to a probation condition is a claim that a condition "cannot have *any* valid application"]); he merely speculates his probation officer will act unreasonably in approving his residence or employment. As we have stated, we must presume to the contrary that a probation officer will reasonably exercise the discretion afforded him or her by a probation condition and will not arbitrarily restrict a probationer's freedoms in a manner not tailored to rehabilitative or safety purposes. (*People v. Olguin*, *supra*, 45 Cal.4th at p. 383 [challenged probation condition did not " 'authorize a probation officer to irrationally or capriciously exclude a pet' "]; *Arevalo*, at p. 658 [the "condition here presumes a probation officer will not withhold approval for irrational or capricious reasons"]; *In re*

16

*Hudson, supra,* 143 Cal.App.4th at p. 11.) And because the officer may not act in an arbitrary or capricious manner (*Arevalo,* at p. 658; *Olguin,* at p. 383), we reject Gonzalez's claim the probation condition gives the probation officer unfettered discretion.

Gonzalez's reliance on *People v. Bauer, supra,* 211 Cal.App.3d 937 is unavailing. The defendant there did not advance an overbreadth challenge. His challenge was that the residence approval condition—designed to prevent him from living with his parents—generally infringed on his constitutional rights and was unreasonable under *Lent* in part because his probation report did not suggest his home life contributed to the crime of which he was convicted or was reasonably related to future criminality. (*Bauer,* at p. 944.) The appellate court agreed the condition violated *Lent, supra,* 15 Cal.3d 481, and also impinged on the defendant's constitutional right to travel and freedom of association. (*Bauer,* at p. 944.) According to the court, the condition was extremely broad since it gave the probation officer the power to forbid the defendant "from living with or near his parents—that is, the power to banish him." (*Ibid.*) Gonzalez's condition is not like that in *Bauer*.

### III. *Electronics Search Condition*

#### A. Lent *Challenge*

After the court ordered the electronics search condition over his counsel's *Lent* objection, Gonzalez's counsel challenged it under *Ricardo P., supra,* 7 Cal.5th 1113, stating: "I don't think electronic devices for the specific purpose of enforcing a restraining order, which is similar to the Court's holding in *Ricardo,* which is his future criminality, is a sufficient nexus." The court rejected the argument:

"The Court: I'm going to order it. [Tejeda is] the codefendant in this case. It's more than a [civil protective order] against somebody that he was

17

not supposed to be around. This is his codefendant in the case where they planned together this ATM burglary attempt and failed together. So I don't—and he's his employee, so I have to make sure that, in the course of his employee [*sic*], that's all terminated too. So I appreciate what you're saying, counsel. I think that it's a strong nexus, especially given the codefendant status."

Gonzalez contends the court abused its discretion under *Lent*, *supra*, 15 Cal.3d 481 by ordering the probation search conditions of his computers, recordable media, electronic devices and pass codes, and by failing to prohibit searches of personal information and data created not just before, but also *after* he accepted probation. According to Gonzalez, the conditions meet all three prongs of the *Lent* test. Gonzalez also argues the conditions are unconstitutionally overbroad and violate his First and Fourth Amendment rights to free speech and privacy.

Gonzalez's *Lent* challenge has merit. In *Ricardo P.*, *supra*, 7 Cal.5th 1113, the Supreme Court held a similar condition failed the *Lent* test when there was no evidence the defendant had used computers or other electronic devices in the burglaries he admitted committing or in any other crimes, reasoning the burden of the condition on the defendant's privacy was substantially disproportionate to the goal of deterring future criminality. (*Ricardo P., supra*, 7 Cal.5th at pp. 1119-1120.) After *Ricardo P.*, this court struck a search condition like the one imposed on Gonzalez in a case where the defendant pleaded guilty to carrying a concealed dirk or dagger and the record was absent evidence he used a computer, other electronic device, or recordable media in committing any crime. (*People v. Cota, supra*, 45 Cal.App.5th at pp. 790-791.)

18

Here, Gonzalez has no prior criminal record, so we cannot say he has a pattern of criminality that might be prevented by this type of condition. And like the defendants in *Ricardo P., supra*, 7 Cal.5th 1113 and *People v. Cota, supra*, 45 Cal.App.5th 786, the record does not indicate Gonzalez (or his codefendant Tejeda, for that matter) used a computer, recordable media, or other electronic device in vandalizing the ATM. Of course, Gonzalez's use of such devices would not be inherently criminal.

That the court found the condition important to ensure Gonzalez does not contact Tejeda does not save it. In *Ricardo P.*—in which a minor committed felony burglaries along with his two cousins with no indication he used an electronic device in connection with them—our high court rejected the Court of Appeal's determination that the electronics search condition was " 'reasonably related to enabling the effective supervision of [the minor's] compliance with his other probation conditions' " (*Ricardo P., supra*, 7 Cal.5th at p. 1119) similar to the trial court's reasoning here. The court in *Ricardo P.* emphasized that " '[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable' under *Lent*." (*In re Ricardo P.*, at p. 1127.) It invalidated an electronics search condition on the record there, which showed no indication the minor had used or would use electronic devices in connection with drugs or any illegal activity. (*Id.* at p. 1116.)

Here, where Gonzalez has no criminal record and there is no indication electronic devices had anything to do with his vandalism offenses, "the burden [the search condition] imposes on [Gonzalez's] privacy is substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*Ricardo P., supra*, 7 Cal.5th at p. 1119.) We agree the portions of condition 6n to which Gonzalez objected,

including the court's requirement that he turn over passcodes, are unreasonable under *Lent, supra*, 15 Cal.3d 481, and must be stricken. Given our conclusion, we need not reach his challenges based on overbreadth or his privacy and free speech rights.

IV. *Condition Prohibiting Contact with Codefendant Tejeda*

Gonzalez contends probation condition 6g, prohibiting contact with codefendant Tejeda, is unconstitutionally vague and overbroad because it lacks a knowledge component. He argues the condition "does not provide sufficient notice of what is required" of him and "does not closely tailor limitations on his constitutional rights to the purpose of the condition." Gonzales maintains the court's use of the term "social media" while imposing the condition[7] is of "further concern" because it is undefined. According to Gonzalez, the condition is overbroad because "he might forego his constitutional right to communicate, associate with others, and to travel in an attempt to avoid the burden of being in violation of an unintentional contact." Gonzalez maintains his counsel's failure to object did not forfeit the constitutional challenge.

The People respond that Gonzalez forfeited the constitutional argument, characterizing it as an "as-applied" challenge. They argue the condition provides "clear notice that [Gonzalez] is prohibited from having any contact with [Tejeda]" including through any form of social media, which is a "commonly known" term.

---

7    The court's remark was made in connection with Gonzalez's counsel's objection to the search condition for electronics, computers and other recordable media. The court responded: "How are we going to know if [Gonzalez is] in contact with [Tejeda], if he's calling him or texting him or going onto social media accounts?" Counsel stated "for the record that [he was] not addressing the no contact with Mr. Tejeda."

20

We address the challenge de novo, as the claim is a pure question of law. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 888 [addressing challenge to probation condition forbidding defendant's association with "anyone disapproved of by probation"]; see also *People v. Salvador* (2022) 83 Cal.App.5th 57, 63.)

The doctrine of vagueness "bars the government from enforcing a provision that 'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.' [Citations.] To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition." (*People v. Hall* (2017) 2 Cal.5th 494, 500.) "[A] probation condition should not be invalidated as unconstitutionally vague ' " ' if any reasonable and practical construction can be given to its language.' " ' " (*Id.* at p. 501.)

In our view, Gonzalez's vagueness challenge is resolved by *People v. Hall*, *supra*, 2 Cal.5th 494. There, the court addressed conditions barring the defendant from possessing firearms or illegal drugs over a challenge they were facially unconstitutionally vague because they did not include a knowledge component. (*Id.* at p. 497.) The California Supreme Court rejected the contention. It pointed out that it was well established or settled that "[r]evocation of probation typically requires proof that the probation violation was willful." (*Id.* at pp. 498-499, in part citing *People v. Patel* (2011) 196 Cal.App.4th 956, 960 [referring to "a substantial uncontradicted body of case law" on that point].) It held the conditions "already include[d] an implicit requirement of knowing possession" and thus afforded the defendant

21

"fair notice of the conduct required of him." (*Hall*, at p. 497.) In reaching this conclusion, the California Supreme Court observed that "[i]n determining whether the condition is sufficiently definite . . . , a court is not limited to the condition's text" but "must also consider other sources of applicable law [citation], including judicial construction of similar provisions." (*Id.* at p. 500.)

The conditions were not unconstitutionally vague in part because "California case law already articulates . . . a general presumption that a violation of a probation condition must be willful . . . ." (*People v. Hall*, *supra*, 2 Cal.5th at p. 501; see also *People v. Rhinehart*, *supra*, 20 Cal.App.5th at p. 1128.) "Just as most criminal statutes—in all their variety—are generally presumed to include some form of mens rea despite their failure to articulate it expressly, so too are probation conditions generally presumed to require some form of willfulness, unless excluded ' " 'expressly or by necessary implication.' " ' " (*Hall*, at p. 502.) The defendant in *Hall*, as Gonzalez does here, pointed to *In re Sheena K.*, *supra*, 40 Cal.4th 875 as nevertheless compelling modification. The court in *Hall* disagreed. It pointed out that in *Sheena K.*, involving a condition barring the probationer from associating with " ' "anyone disapproved of by probation," ' " it "agreed that the condition should have been modified to direct the probationer 'not to associate with anyone "known to be disapproved of" by a probation officer.' " (*Hall,* at p. 503.) However the *Hall* court found it "telling that this court declined to modify the condition at issue in *Sheena K.* by inserting a requirement that the probationer avoid *knowingly* associating with the specified group of persons—which is the kind of modification defendant seeks here." (*Ibid.*)

*Hall* stated: "At core, what defendant seeks through modification is 'absolute clarity' in the text of the condition itself, without the need to rely on

22

'a judicial construction.' But the question before us is not whether this degree of precision would be desirable in principle, but whether it is constitutionally compelled. As we have previously observed, the vagueness doctrine demands ' "no more than a reasonable degree of certainty," ' " which was present in the conditions at issue there. (*People v. Hall*, *supra*, 2 Cal.5th at p. 503.) It "decline[d] defendant's invitation to modify those conditions simply to make explicit what the law already makes implicit." (*Id.* at pp. 503-504.)

Here, the court's condition bars Gonzalez from contacting a specific person, his codefendant, and under the foregoing principles, it is not unconstitutionally vague for not including the words "knowing contact" as Gonzalez proposes or otherwise expressing the requisite mens rea.[8] The condition does not include the term "social media." But because it prohibits all contact, it is not vague for failing to define that term in any event.

Nor is the condition overbroad. " '[A] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin, supra*, 45 Cal.4th at p. 384; see *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) As stated, " '[t]he essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection

---

[8] We are not persuaded to change this conclusion by Gonzalez's other cited cases, including *People v. Pirali* (2013) 217 Cal.App.4th 1341, decided before *People v. Hall*, *supra*, 2 Cal.5th 494, in which the court found unconstitutionally vague a condition forbidding " 'any pornographic or sexually explicit material as defined by the probation officer.' " (*Pirali,* at pp. 1342, 1353.) Rather, as discussed above, *Hall* favorably cited *People v. Patel*, *supra*, 196 Cal.App.4th 956, which *Pirali* and other cases declined to follow.

in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Arevalo*, *supra*, 19 Cal.App.5th at pp. 656-657; see also *People v. Gruis* (2023) 94 Cal.App.5th 19, 27.)

Gonzalez's overbreadth challenge appears to turn on his claim that the condition lacks a knowledge requirement; his argument is he might forego certain constitutional rights to avoid unintentionally violating the condition. Our conclusions above dispose of that type of claim. But we further conclude the condition here is not overbroad in the traditional sense; it is narrowly tailored to include only Gonzalez's codefendant. "[R]estrictions on a probationer's right of association are permissible if reasonably required to accomplish the needs of the state." (*People v. Jungers* (2005) 127 Cal.App.4th 698, 703.) "However, probation conditions that restrict constitutional rights must be carefully tailored and 'reasonably related to the compelling state interest' in reforming and rehabilitating the defendant." (*Id.* at p. 704; see also *People v. Lopez* (1998) 66 Cal.App.4th 615, 628 [limitation on the right to associate is permissible if it is " '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends' "].) This condition is reasonably related to the state's interest in rehabilitating Gonzalez and protecting the public by preventing him from associating with the person with whom he committed his crime.

V. *Criminal Conviction and Court Operations Assessments*

Arguing the court operations and criminal conviction assessments are collateral to his offense, Gonzalez contends they cannot be fashioned into a probation condition. According to Gonzalez, the fees imposed as a condition of probation are unlawful and unauthorized, so forfeiture does not apply. He asks this court to order they be imposed as a separate order. The People argue Gonzalez's counsel forfeited the challenge by not raising it. However,

24

citing *People v. Pacheco* (2010) 187 Cal.App.4th 1392,[9] *People v. Kim* (2011) 193 Cal.App.4th 836 and *People v. Bradus* (2007) 149 Cal.App.4th 636, 641-642 [orders for the payment of appointed attorney fees and for the costs of probation "cannot legally be imposed as conditions of probation" as they are collateral]) they agree that if not forfeited, the assessments should be imposed by separate order and not as a condition of probation.

We agree with Gonzalez his argument is not forfeited because the assessments imposed as a condition of probation are unauthorized as a matter of law and correctable without reference to the factual findings. (*People v. Kim*, *supra*, 193 Cal.App.4th at p. 842.)  The issue also presents a pure question of law, which we review de novo.  (*People v. Tua* (2018) 18 Cal.App.5th 1136, 1140.)  As the People correctly concede, fines and assessments cannot be imposed as probation conditions because they are collateral to a defendant's crime and punishment and are not oriented toward a defendant's rehabilitation.  (*Kim*, at p. 842.)  Instead, such fines and assessments should be separately imposed.  (*Id.* at pp. 842-843.)  Consequently, we direct the court to impose the challenged assessments by separate order and not as probation conditions.

---

[9]    *People v. Pacheco, supra,* 187 Cal.App.4th 1392 was disapproved on other grounds in *People v. Trujillo* (2015) 60 Cal.4th 850, 858.

25

## DISPOSITION

The judgment is reversed as to that portion of Gonzalez's probation condition requiring him to submit his "computers" and "recordable media including electronic devices" to warrantless search and turn over passcodes. The matter is remanded with directions that the court strike those portions of the condition. On remand, the court is directed to modify Gonzalez's alcohol-related conditions to either eliminate residential treatment as an option or specify that they include residential treatment only if ordered by the court, and to impose the $40 court operations assessment and $30 criminal conviction assessment in separate orders. We otherwise affirm the judgment.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


CASTILLO, J.