Filed 4/9/26  In re A.H. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. A.H., Defendant and Appellant. | F089977 (Super. Ct. No. MJL019816) OPINION |

### THE COURT[*]

APPEAL from orders of the Superior Court of Madera County.  Timothy A. Kams, Judge.  (Retired judge of the Fresno County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Meghan Cox, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Peña, J. and Harrell, J.

The juvenile court sustained a wardship petition alleging A.H. (minor) committed vandalism. Minor was placed on probation and released to the care, custody, and control of probation.

On appeal, minor argues: (1) the juvenile court erred by reading and considering the jurisdictional/disposition report prior to the jurisdictional hearing; (2) the true finding on the vandalism count was not supported by substantial evidence; and (3) the probation condition prohibiting him from possessing "weapons" is vague and overbroad. We affirm.

## PROCEDURAL HISTORY AND BACKGROUND

On October 28, 2024, the San Bernardino County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602, subd. (a)), alleging one count of felony vandalism (Pen. Code,[1] § 594, subd. (b)(1); count 1).

On November 4, 2024, the juvenile court held a prehearing. At the prehearing, minor denied the allegation. Additionally, the matter was referred to probation for a jurisdictional/disposition report, with the direction that probation not discuss the underlying facts of the petition in preparation of the report. Finally, the prosecutor and defense counsel waived application of California Rules of Court, rule 5.780(c),[2] which provides that, "[e]xcept as otherwise provided by law, the court must not read or consider any portion of a probation report relating to the contested petition before or during a contested jurisdiction hearing."

The juvenile court read and considered the jurisdictional/disposition report prior to the jurisdictional hearing.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Undesignated rules references are to the California Rules of Court.

2.

On February 3, 2025, the juvenile court held a contested jurisdictional hearing, and it found the vandalism count true. Subsequently, jurisdiction was transferred to Tulare County, and then to Madera County.

On June 4, 2025, the juvenile court held a disposition hearing. The court adjudged minor a ward of the court, placed him on probation with numerous terms and conditions, and committed him to the care, custody, and control of probation. At the hearing, the court stated that one of the conditions of probation was that minor "not … own or possess dangerous or deadly weapons." However, the subsequently issued order stated that minor "[s]hall not possess weapons, including firearms, and/or ammunition."

On June 4, 2025, minor timely filed a notice of appeal.

## FACTUAL SUMMARY

E.H., minor's aunt, testified at the hearing. E.H. knew minor since he was born. In January 2024, he started working as a subcontractor at an investment property owned by E.H. and her business partner. When minor worked for her, she saw him every other day.

Eventually, E.H. terminated minor's employment. Minor subsequently came to E.H.'s home and "kind of" tried to threaten her into giving him money.

Sometime later, at the investment property, someone used an object to shatter the windshield of one vehicle, as well as the windshield and driver's side window of a second vehicle. The incident was captured on surveillance video, and a copy of the video footage was introduced into evidence. E.H. could not clearly see the face of the person in the video. However, based on the distinctive gait, the clothing, the haircut, and the build of the person, E.H. "knew" that minor was the person in the footage.

E.H. and her business partner paid $4,878 to have the vehicles repaired.

E.A., E.H.'s business partner, also testified at the hearing. After minor was fired, he was still owed money for projects that had been completed. Even though he knew that

3.

the payments took between approximately 15 to 30 days to be deposited into his account, he went to E.A.'s house, threatened her, and told her he needed his money "right away."

E.A., who saw minor almost every workday for over six months when he worked as a subcontractor at the investment property, was shown the surveillance video. She identified minor as the person in the video based on his distinctive gait and his mannerisms.

## DISCUSSION

### I. Minor Forfeited and Waived His Claim That the Juvenile Court Erred by Reading and Considering the Jurisdictional/Disposition Report Prior to the Jurisdictional Hearing

Minor argues that the juvenile court erred by reading and considering the jurisdictional/disposition report filed by probation before the contested jurisdictional hearing. And minor is correct that, generally, a court is prohibited from reading and considering a probation report before a contested jurisdictional hearing. (*In re Gladys R.* (1970) 1 Cal.3d 855, 859–860; rule 5.780(c) ["Except as otherwise provided by law, the court must not read or consider any portion of a probation report relating to the contested petition before or during a contested jurisdiction hearing."].) However, minor forfeited and waived this claim of error.

"The forfeiture doctrine is a 'well-established procedural principle that, with certain exceptions, an appellate court will not consider claims of error that could have been—but were not—raised in the trial court. [Citation.]' [Citations.] Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the

4.

result would be that few judgments would stand the test of an appeal." ' " ' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

Separately, a claim can be waived. "While forfeiture is the failure to make the timely assertion of a known right, 'waiver' is the ' "intentional relinquishment or abandonment of a known right." ' " (*In re Campbell* (2017) 11 Cal.App.5th 742, 755.)

Here, there is no indication in the record that minor objected to the juvenile court considering the jurisdictional/disposition report prior to the jurisdictional hearing.[3] In fact, minor admits that defense counsel waived application of rule 5.780(c), he does not argue the waiver was involuntary or that he did not know of the right, and he does not argue that defense counsel was ineffective.[4] Thus, minor both forfeited and waived this claim of error.

Finally, to the extent we have discretion to consider a claim that has been both forfeited and waived, given the issue raised, the affirmative waiver, and that minor does not raise an ineffective assistance of counsel claim, we decline to exercise that discretion here. (See, e.g., *People v. Saunders* (1993) 5 Cal.4th 580, 589–590 [" ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method…. The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver…. Often, however, the explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial." ' "].)

---

[3]     The record contains the minute order from the November 4, 2024 prehearing, but it does not contain the reporter's transcript of the hearing.

[4]     Minor initially raised a claim of ineffective assistance of counsel, but based on defense counsel's waiver of rule 5.780(c), minor abandoned this claim.

**II.    The Juvenile Court's True Finding is Supported by Substantial Evidence**

   *A.    Applicable Law and Standard of Review*

   A person who maliciously damages or destroys personal property not his own is guilty of vandalism.  (§ 594, subd. (a)(2)–(3).)  "If the amount of defacement, damage, or destruction is four hundred dollars ($400) or more, vandalism is punishable by imprisonment pursuant to subdivision (h) of [s]ection 1170 or in a county jail not exceeding one year, or by a fine of not more than ten thousand dollars ($10,000) …." (§ 594, subd. (b)(1).)

   "Our review of … minor['s] substantial evidence claim is governed by the same standard applicable to adult criminal cases.  [Citation.]  'In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]' [Citation.]  ' "[O]ur role on appeal is a limited one." [Citation.]  Under the substantial evidence rule, we must presume in support of the judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence.  [Citation.]  Thus, if the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment. ' " (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.)

   *B.    Analysis*

   Minor does not argue there is insufficient evidence that felony vandalism occurred.  Instead, he argues there is insufficient evidence that he was the perpetrator.  According to minor, both witnesses who identified him based the identification not on "facial recognition," but on his "attendant physical characteristics such as height, posture, gait, and other mannerisms."  Minor asserts that while "physical attributes such as height, posture, gait, and other mannerisms … are relevant to a witness'[s] identification, the

6.

complete absence of [the] ability to see any facial features in the incriminating recording should be dispositive."

This argument fails. First, minor is incorrect that for a witness identification to constitute substantial evidence regarding identity, it must be based at least in part on facial features. None of the cases he cites support this proposition, and courts have held otherwise. (See *People v. Lindsay* (1964) 227 Cal.App.2d 482, 494 ["Our courts have held that it is not necessary that any of the witnesses called to identify the accused should have seen his face. [Citation.] Identification based on other peculiarities may be reasonably sure. Consequently, the identity of a defendant may be established by proof of any peculiarities of size, appearance, similarity of voice, features or clothing."].)

Second, witness identification is not the only evidence that minor was the perpetrator. There is also evidence of motive. E.H. terminated minor's employment, and there is evidence that he threatened both E.H. and her business partner after this occurred. Subsequently, vehicles at the property where he used to work were vandalized.

Given that two witnesses, both of whom had substantial interactions with minor, identified minor as the person in the video based on his distinctive gait and other characteristics, as well as the evidence that minor had a motive, substantial evidence supports the juvenile court's true finding.

## III. The Probation Condition Admonishing Minor to Not Possess "[W]eapons" is Neither Vague Nor Overbroad

### A. *Applicable Law and Standard of Review*

"The juvenile court has wide discretion to select appropriate [probation] conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.) However, "[a] probation condition, whether in an adult or juvenile case, may be challenged as unconstitutionally vague or overbroad." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

The void-for-vagueness doctrine, "which derives from the due process concept of fair warning, bars the government from enforcing a provision that 'forbids or requires the doing of an act in terms so vague' that people of 'common intelligence must necessarily guess at its meaning and differ as to its application.' [Citations.] To withstand a constitutional challenge on the ground of vagueness, a probation condition must be sufficiently definite to inform the probationer what conduct is required or prohibited, and to enable the court to determine whether the probationer has violated the condition. [Citations.] In determining whether the condition is sufficiently definite, however, a court is not limited to the condition's text. [Citation.] We must also consider other sources of applicable law [citation], including judicial construction of similar provisions. [Citations.] Thus, a probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*People v. Hall* (2017) 2 Cal.5th 494, 500–501.)

As to the overbreadth doctrine, " '[t]he essential question … is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights ….' [Citation.] 'A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' [Citation.] 'A narrow condition that achieves rehabilitation should be used in place of broad conditions that prevent otherwise lawful conduct and necessary activities.' " (*People v. Nice* (2016) 247 Cal.App.4th 928, 944–945.)

### B.    *Analysis*

Minor argues that the probation condition to "not possess weapons, including firearms, and/or ammunition" is both vague and overbroad. According to minor, "[t]he general term 'weapon' could encapsulate those everyday household items that could be used as a weapon against another person, even though their intended purpose might be utilitarian."

If minor were correct as to the definition of weapon, his claim may have had merit.  However, when the juvenile court made its oral pronouncement, it specifically stated that minor was "not to own or possess *dangerous or deadly* weapons, including firearms and ammunition."  (Italics added.)  While the subsequently entered order stated that minor "[s]hall not possess weapons, including firearms, and/or ammunition," the more specific oral pronouncement controls here.[5]  (See *In re D.H.* (2016) 4 Cal.App.5th 722, 725; *People v. Sanchez* (2019) 38 Cal.App.5th 907, 918.)  And, the term " ' "dangerous or deadly weapon" ' " has "a plain, commonsense[, and clearly established] meaning:  it prohibit[s] possession of items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intend[s] to use to inflict, or threaten to inflict, great bodily injury or death."  (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186.)

Given this clearly established and commonsense meaning of the term "dangerous or deadly weapon," the challenged probation condition does not "encapsulate those everyday household items that could be used as a weapon against another person, even though their intended purpose might be utilitarian," and minor's arguments fail.

## DISPOSITION

The jurisdiction and disposition orders are affirmed.

---

[5]     Even if the written pronouncement controls, the result is the same.  In the context of probation conditions, "the notion that an instrument or object must be either 'dangerous or deadly' in order to qualify as a 'weapon' is so fundamental that it need not be stated explicitly."  (*In re Kevin F.* (2015) 239 Cal.App.4th 351, 360, disapproved on other grounds in *People v. Hall*, *supra*, 2 Cal.5th at p. 494.)