Filed 3/5/26  In re G.M. CA4/1
Review denied 6/17/26; reposted with Supreme Court order and statement

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re G.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D084997 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. J245447) |
| G.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Marissa Bejarano, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

G.M., a juvenile, appeals a probation condition imposed by the juvenile court on constitutional vagueness and overbreadth grounds and under *People*

*v. Lent* (1975) 15 Cal.3d 481 (*Lent*).  He also contends his trial counsel was ineffective in failing to object to the probation condition.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

G.M. was charged with attempted murder and assault with a deadly weapon, with allegations of inflicting great bodily injury and using a deadly or dangerous weapon during the commission of a felony.  (Pen. Code, §§ 664, 187, subd. (a), 245, subd. (a)(1), 12022.7, subd. (a), 12022, subd. (b)(1).)  At a hearing in July 2024, G.M. admitted to felony assault after voluntarily waiving his constitutional rights.  (*Id*., § 245, subd. (a)(1).)  At a contested disposition hearing in August 2024, the juvenile court placed him on probation.

As part of the imposed probation conditions, the trial court ordered that G.M. "not use, sell or possess alcohol, drugs, drug paraphernalia, harmful intoxicants, non-prescribed medications, or any type of mind-altering substances."  Defense counsel objected to the commitment program suggested by probation but did not object to any of the probation conditions.

In October 2024, G.M.'s appointed counsel timely appealed the August 2024 disposition order.

## DISCUSSION

On appeal, G.M. challenges the condition prohibiting "use, [sale], or [possession] of . . . non-prescribed medications," arguing that (1) the condition is unconstitutionally vague and overbroad, (2) the condition is invalid under the standard set forth in *Lent,* and (3) his trial counsel was ineffective for failing to object to the condition.  We address each argument in turn.

# I

## A. Standard of Review

We generally review probation conditions under an abuse of discretion standard when challenged on appeal. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.) However, an exception applies when a condition is challenged on constitutional grounds. (*People v. Brand* (2021) 59 Cal.App.5th 861, 867 (*Brand*).) We apply de novo review when evaluating constitutional challenges to probation conditions. (*In re I.V.* (2017) 11 Cal.App.5th 249, 261 (*I.V.*).)

## B. Analysis

As a general matter, an appellate court will only consider claims that were properly raised and preserved in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 234–235 (*Welch*); see also *Brand, supra,* 59 Cal.App.5th at p. 867.) If a claim challenging a probation condition is raised for the first time on appeal, it is ordinarily forfeited. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880 (*Sheena K.*).) An exception to this forfeiture rule applies when the claim involves a facial constitutional challenge, which presents "a pure question of law" that does not require an examination of the trial court's record. (*Id.* at p. 889.) G.M. argues that the probation condition, specifically as it relates to "non-prescribed medications," is unconstitutionally overbroad and vague on its face. These claims present a pure question of law that may be resolved without reference to the trial court record. We therefore conclude that G.M. has not forfeited his constitutional claims, and we address them on the merits.

G.M. argues that the condition is unconstitutionally vague and overbroad because it hinders his ability to ingest or possess over-the-counter

medication (e.g., ibuprofen or aspirin) without a valid prescription.  We disagree with this interpretation of the probation condition.

A probation condition that "imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.)  Additionally, the language of the probation condition must clearly define what is expected of the probationer and what circumstances would constitute a violation.  (*Ibid.*; see also *People v. Hall* (2017) 2 Cal.5th 494, 500.)  A probation condition should not be invalidated as unconstitutionally vague if it can be given any reasonable and practical construction.  (*Hall*, at p. 501; *People v. Olguin* (2008) 45 Cal.4th 375, 382 ["A probation condition should be given 'the meaning that would appear to a reasonable, objective reader' "].)  Moreover, a probation condition is not impermissibly vague " ' " 'simply because there may be difficulty in determining whether some marginal or hypothetical act is covered by its language.' " ' " (*I.V., supra*, 11 Cal.App.5th at p. 261.)

Here, the challenged condition prohibits the use of "non-prescribed medications," in addition to "alcohol, drugs, drug paraphernalia, harmful intoxicants, . . . or any type of mind-altering substances."  As suggested in the appellant's opening brief, the context of this probation condition demonstrates that the juvenile court was "concerned that the minor not ingest intoxicating substances."  Construed in context, the condition prohibiting use of "non-prescribed medications" can be reasonably and practically construed to prohibit only illegal activity—namely, use of prescription medication without a valid prescription.  (See Health & Saf. Code, § 11350, subd. (e).)

Given this practical construction of the probation condition, we disagree with G.M.'s contention that using over-the-counter medication, for which a prescription is not necessary, would result in a probation violation. Because the probation condition only prohibits illegal conduct that does not infringe on the juvenile's constitutional rights, we conclude that the condition is not unconstitutionally vague and overbroad.

## II

G.M. further contends that the condition is also invalid under the test established in *Lent, supra*, 15 Cal.3d 481. Under *Lent*, a reasonable probation condition must be related to the crime of which the offender was convicted, related to criminal conduct, and meant to prevent conduct that is reasonably related to future criminality. (*Id*. at p. 486.) However, a claim that a probation condition is unreasonable under *Lent* must be presented at the trial court level; otherwise, the claim is forfeited on appeal. (*Welch, supra*, 5 Cal.4th at p. 237 [failure to timely challenge a probation condition on *Lent* grounds in the trial court forfeits the claim on appeal].)

Because G.M. has challenged the probation condition for the first time on appeal, the *Lent* claim has been forfeited, and we will not address it on the merits.

## III

Lastly, G.M. argues his trial counsel provided ineffective assistance of counsel because she failed to object to the probation condition. We disagree.

To establish ineffective assistance of counsel, an appellant has the burden to prove that defense counsel's conduct at the trial court was deficient, and that such deficient conduct resulted in prejudice which would not have occurred but for defense counsel's conduct. (*People v. Bolin* (1998) 18 Cal.4th 297, 333; see also *Strickland v. Washington* (1984) 466 U.S. 668,

5

694.) In doing so, the appellant must show that trial counsel lacked a rational reason for engaging in the challenged conduct. (*Brand, supra*, 59 Cal.App.5th at p. 872; *People v. Mai* (2013) 57 Cal.4th 986, 1009.) As has been previously clarified by our high court, a claim on appeal that counsel was ineffective must be rejected " '[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

Here, G.M. contends that his counsel's failure to object constitutes ineffective assistance because there is no satisfactory or reasonable explanation for such conduct. This argument invites speculation regarding his counsel's strategies and tactics at the disposition hearing because the record does not show defense counsel's reasoning for choosing not to object. Moreover, as we have explained, a plausible explanation for his counsel declining to object could be that she reasonably understood the condition as merely restricting the use of prescription medication absent a valid prescription.

Because G.M. has failed to meet his burden of demonstrating that his trial counsel's conduct was deficient, we reject this ineffective assistance of counsel claim.

## DISPOSITION

The order is affirmed.

BUCHANAN, J.

WE CONCUR:

IRION, Acting P. J.

RUBIN, J.

Filed 6/17/26

Court of Appeal, Fourth Appellate District, Division One - No. D084997

**S296186**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

_____

In re G.M., a Person Coming Under the Juvenile Court Law.

_____

THE PEOPLE, Plaintiff and Respondent,

v.

G.M., Defendant and Appellant.

_____

The petition for review is denied.

(See Concurring Statement by Justice Liu.)

_____/s/_____
*Chief Justice*

In re G.M.

S296186


Concurring Statement by Justice Liu


A verbal altercation quickly escalated into G.M. (Minor) stabbing a teenager twice.  Minor was charged with attempted murder and assault with a deadly weapon, and he pleaded guilty to felony assault.  At the disposition hearing, the juvenile court placed him on probation subject to a variety of conditions.  This proceeding concerns only the following probation condition, labeled as "GC107":  "You must not use, sell or possess alcohol, drugs, drug paraphernalia, harmful intoxicants, non-prescribed medications, or any type of mind-altering substances."

Before the Court of Appeal, Minor argued that the prohibition with respect to "non-prescribed medications" is vague, overly broad, and unreasonable.  The Court of Appeal rejected Minor's argument, reasoning that the phrase, in context, could be "reasonably and practically construed to prohibit only illegal activity — namely, use of prescription medication without a valid prescription."  It further held that Minor forfeited his reasonableness challenge to this condition by not objecting before the trial court.  (See *People v. Welch* (1993) 5 Cal.4th 228, 237.)

While I agree it is possible to interpret the phrase as the Court of Appeal did, the most straightforward interpretation of "non-prescribed medication" is medication that is not

1

prescribed. Prohibiting Minor from using any medication without a prescription would seem questionable given the lack of any indication in the record that Minor abused legal, over-the-counter medications or that there was a connection between lawful medicine use and the offense. On this record, I question how that condition could be " 'reasonably related to the crime of which [Minor] was convicted or to future criminality.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1115.)

I agree with the decision to deny review because Minor forfeited his challenge to the reasonableness of the probation condition, and the Court of Appeal's judgment assures that Minor may use over-the-counter medication without a prescription while on probation. But an ambiguous probation condition like the one here can be problematic: It subjects a probationer to the discretion of the probation officer, and a probationer might rationally forego lawfully taking medicine out of concern about the condition. (Cf. *In re Victor L.* (2010) 182 Cal.App.4th 902, 913.) An easy cure for this ambiguity is to clarify the probation condition with the language used by the Court of Appeal — i.e., prohibiting use, sale, or possession of "prescription medication without a valid prescription." (Cf. *In re Sheena K.* (2007) 40 Cal.4th 875, 892.)


**LIU, J.**


**I Concur:**
**EVANS, J.**

2